John E. Schmidtlein (CA State Bar No. 163520)
Carol J. Pruski (CA State Bar No. 275953)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: cpruski@wc.com

*Attorneys for Defendants Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated,

Plaintiff,

v.

GOOGLE LLC, ALPHABET INC., XXVI HOLDINGS INC., APPLE INC., TIM COOK, SUNDAR PICHAI, and ERIC SCHMIDT,

Defendants.

Case No. 4:21-cv-10001-HSG

**GOOGLE LLC, ALPHABET INC., XXVI HOLDINGS, INC., SUNDAR PICHAI, AND ERIC SCHMIDT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date: August 11, 2022
Time: 2:00 p.m.
Place: Courtroom 2
Judge: Hon. Haywood S. Gilliam, Jr.

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 11, 2022, at 2:00 p.m., or as soon thereafter as this matter may be heard, either in Courtroom 2 of this Court, located on the 4th Floor of the United States Courthouse, 1301 Clay Street, Oakland, California, or by videoconference or teleconference, Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt (collectively, "Google Defendants") will move the Court for an order compelling arbitration and dismissing or staying Plaintiff's claims against Google Defendants.

Google Defendants respectfully request an order compelling arbitration and dismissing all causes of action brought against them in the above-captioned matter. This Motion is based upon this Notice; the accompanying Memorandum of Points and Authorities; any reply memorandum; the pleadings and files in this action; and such other matters Google Defendants may present at or before the hearing.

DATED: March 18, 2022

WILLIAMS & CONNOLLY LLP

By: /s/ *John E. Schmidtlein*

John E. Schmidtlein (CA State Bar No. 163520)
Carol J. Pruski (CA State Bar No. 275953)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: cpruski@wc.com

*Attorneys for Defendants Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt*

# TABLE OF CONTENTS


INTRODUCTION ........ 1

I. BACKGROUND ........ 1

II. ARGUMENT ........ 2

CONCLUSION ........ 5

# TABLE OF AUTHORITIES

## CASES

*Adtrader, Inc. v. Google LLC*, 2018 WL 1876950 (N.D. Cal. Apr. 19, 2018) ............................... 3

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ................................................. 2, 3, 5

*Garcia v. Comcast Cable Commc'n Mgmt. LLC*, 2017 WL 1210044 (N.D. Cal. Mar. 31, 2017) ............................................................. 4

*Kilgore v. KeyBank, N.A.*, 718 F.3d 1052 (9th Cir. 2013) ............................................................ 3

*Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201 (9th Cir. 2016) ..................................................... 3

*Mortensen v. Bresnan Comm'ns*, 722 F.3d 1151 (9th Cir. 2013) ................................................... 2

*Shierkatz Rllp v. Square, Inc.*, 2015 WL 9258082 (N.D. Cal. Dec. 17, 2015) ............................... 4

*Tompkins v. 23andMe, Inc.*, 840 F.3d 1016 (9th Cir. 2016) ....................................................... 3, 4

*Trudeau v. Google LLC*, 349 F. Supp. 3d 869 (N.D. Cal. 2018) ...................................... 2, 3, 4, 5

*Ulbrich v. Overstock.Com, Inc.*, 887 F. Supp. 2d 924 (N.D. Cal. 2012) ........................................ 4

## STATUTES AND RULES

9 U.S.C. § 2 ..................................................................................................................... 2, 3

9 U.S.C. § 4 ......................................................................................................................... 5

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 1

Federal Rule of Evidence 201 ............................................................................................ 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff entered into an agreement to individually arbitrate all disputes with Google—as well as any of Google's parent companies and executives of those entities—relating to its participation in Google's advertising programs and services. The enforceability of this arbitration provision has been repeatedly upheld by courts. Yet, Plaintiff nevertheless seeks to evade these contractual obligations by filing a purported class action against Google, its parent companies, and certain of its executives. Google respectfully moves for an order compelling Plaintiff to arbitrate its dispute, as it agreed.

## I. BACKGROUND

The allegations in the Complaint are described in detail in the accompanying Defendants' Joint Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As relevant to the instant motion, the Complaint alleges in conclusory fashion that Plaintiff, a crane operator certification company, purchased search advertisements on Google, and that the prices paid were inflated by an allegedly illegal agreement between Apple and Google. Compl. ¶¶ 45, 48, 139. The Complaint asserts claims against Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt (collectively, the "Google Defendants"), as well as Apple Inc. and Tim Cook. *Id.* ¶¶ 49, 50-53.

As is customary throughout the advertising industry, certain terms and conditions accompany an entity's use of Google's advertising services. These terms and conditions are contained in Google's Advertising Program Terms of Service ("TOS"), which are presented to advertisers using Google's services and available online for anyone, at any time, to review. Shadd Decl. ¶¶ 3, 5, 11. Plaintiff accepted the TOS in 2017 and 2018. *Id.* ¶¶ 13-16.

The TOS explains, in the very first paragraph, that it "require[s] the use of binding individual arbitration to resolve disputes rather than jury trials or class actions." Shadd Decl., Exs. A & D.

Specifically, the arbitration provision states that the parties "agree to arbitrate all disputes and claims . . . that arise out of or relate in any way to" Plaintiff's participation in Google's advertising programs and services. Shadd Decl., Exs. A & D, § 13(A). The provision further states that the agreement to arbitrate "is intended to be broadly interpreted and includes, for example: . . . claims brought under any legal theory." Shadd Decl., Exs. A & D, § 13(A). And the provision expressly states that it applies to claims brought against "Google," "Google parent companies, and the respective officers [and] directors" of those entities. Shadd Decl., Exs. A & D, § 13(A). Google provided Plaintiff the opportunity to opt out of this arbitration provision, and Plaintiff chose not to do so. Shadd Decl. ¶¶ 10, 12, 15-16; *see also id.*, Exs. A & D, § 13(F) (explaining opt out process).

The Google Defendants request that the Court take judicial notice of the TOS and related documents, as specified in, and authenticated by, the attached Declaration of Courtney Shadd. *See Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (taking judicial notice of the "TOS, the opt-out website, and the website at which advertisers accepted or declined the TOS," because, *inter alia*, "they are not the subject of reasonable dispute and their authenticity is not in question" (citing FED. R. EVID. 201)), *aff'd*, 816 F. App'x 68 (9th Cir. 2020).

## II. ARGUMENT

Plaintiff "agree[d] to arbitrate all disputes and claims . . . that arise out of or relate in any way to" Google's advertising programs. Shadd Decl., Exs. A & D, § 13(A). That legally valid agreement squarely covers the dispute raised here. The Court should grant Google Defendants' motion to compel arbitration and dismiss or stay Plaintiff's claims.

Congress enacted the Federal Arbitration Act ("FAA") to "counter prevalent judicial refusal to enforce arbitration agreements," *Mortensen v. Bresnan Comm'ns*, 722 F.3d 1151, 1157 (9th Cir. 2013), and "ensure that private arbitration agreements are enforced according to their terms," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (cleaned up). Section 2 of the FAA provides

that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision "reflects a strong policy in favor of arbitration." *Trudeau*, 349 F. Supp. 3d at 874 (citing *Concepcion*, 563 U.S. at 339). It "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013). And "[a]ny doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016). Courts simply "determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore*, 718 F.3d at 1058 (internal quotation marks omitted). Here, an analysis of both issues leads to arbitration.

*First*, the arbitration agreement is valid because it is not unconscionable. Under California law,[1] "a contractual clause is unenforceable only if it is both procedurally and substantively unconscionable." *Trudeau*, 349 F. Supp. 3d at 877. The "threshold inquiry in California's unconscionability analysis is whether the arbitration agreement is adhesive." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016). An "arbitration agreement is not adhesive if there is an opportunity to opt out of it." *Id*. This Court has previously observed that Google's TOS "make[s] it clear that advertisers can freely opt out of the Dispute Resolution Agreement provision." *Adtrader, Inc. v. Google LLC*, 2018 WL 1876950, at *4 (N.D. Cal. Apr. 19, 2018); *accord Trudeau*, 349 F. Supp. 3d at 877 ("[T]he . . . TOS provided a meaningful opportunity to opt out of the arbitration provision."); *see also* Shadd Decl. ¶¶ 10, 12, 15-16 (discussing opt out process). In light of this voluntary opt out

[1] In the TOS, the parties agreed that "ALL CLAIMS ARISING OUT OF OR RELATING TO THESE TERMS OR THE PROGRAMS WILL BE GOVERNED BY CALIFORNIA LAW, . . . EXCEPT TO THE EXTENT THAT CALIFORNIA LAW IS CONTRARY TO OR PREEMPTED BY FEDERAL LAW." Shadd Decl., Exs. A & D, § 14.

procedure, "the arbitration provision is not procedurally unconscionable and thus not unconscionable." *Trudeau*, 349 F. Supp. 3d at 877.

The Court therefore need not reach the issue of whether the agreement is substantively unconscionable. *Id.* But, even if it did, the agreement is not "so one-sided as to shock the conscience" for any number of reasons. *Shierkatz Rllp v. Square, Inc.*, 2015 WL 9258082, at *10 (N.D. Cal. Dec. 17, 2015). It is bilateral. *See Garcia v. Comcast Cable Commc'n Mgmt. LLC*, 2017 WL 1210044, at *3 (N.D. Cal. Mar. 31, 2017) ("California law requires an arbitration agreement to have only a modicum of bilaterality."). It provides that "[u]nless the parties agree otherwise, any arbitration hearings will take place in the county (or parish) . . . of Advertiser's principal place of business," Shadd Decl., Exs. A & D, § 13(C), ensuring an available and minimally burdensome forum for arbitration. *See Tompkins*, 840 F.3d at 1027 (noting that a forum selection clause may be unreasonable under California law "if the forum selected would be unavailable or unable to accomplish substantial justice" and that even "'inconvenience or additional expense' does not make the locale unreasonable"). And it requires Google to pay the arbitration fees in many instances. *See* Shadd Decl., Exs. A & D, § 13(D); *Ulbrich v. Overstock.Com, Inc.*, 887 F. Supp. 2d 924, 933 (N.D. Cal. 2012) (rejecting arguments of substantive unconscionability for a contract "requiri[ng] that employees pay a reduced filing fee and that the employer bear many of the hearing fees and costs").

*Second*, the arbitration agreement plainly encompasses Plaintiff's claims. Plaintiff alleges that it overpaid Google for showing advertisements on Google's search results pages due to an alleged conspiracy between Apple and Google. Compl. ¶¶ 45, 48, 139. With exceptions not applicable here, the TOS applies to "all disputes and claims" under "any legal theory" that "arise out of or relate in any way" to Google's advertising programs—a broad agreement clearly encompassing the antitrust claims here. Shadd Decl., Exs. A & D, § 13(A). The TOS also applies to "Google," "Google parent companies, and the respective officers [and] directors" of those entities, Shadd Decl., Exs. A & D,

§ 13(A), which include Defendants Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt. *See* Compl. ¶ 49 (describing Google LLC as "a subsidiary of Defendant XXVI Holdings Inc., which is a subsidiary of Alphabet Inc."); *id.* ¶¶ 52-53 (describing Messrs. Pichai and Schmidt as current and former executives of those entities). Finally, the TOS also extends to claims based on events that occurred before 2017. Shadd Decl., Exs. A & D, § 13(A); *Trudeau*, 349 F. Supp. 3d at 878 ("On its face then, the arbitration provision applies to claims arising before the 2017 TOS.").

In view of these authorities, the arbitration issue should be no surprise to Plaintiff—yet its Complaint makes no reference to the issue. Because a valid arbitration agreement exists and covers the dispute at issue, Section 4 of the FAA "requires [the] court[] to compel arbitration in accordance with the terms of the agreement." *Concepcion*, 563 U.S. at 344 (internal quotation marks omitted).

## CONCLUSION

Plaintiff's arbitration agreement with Google is valid and enforceable. The Google Defendants therefore respectfully request that the Court grant their motion to compel arbitration, and dismiss or stay these proceedings pending resolution of any arbitration.

DATED: March 18, 2022

**WILLIAMS & CONNOLLY LLP**

By: /s/ *John E. Schmidtlein*

John E. Schmidtlein (CA State Bar No. 163520)
Carol J. Pruski (CA State Bar No. 275953)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: cpruski@wc.com

*Attorneys for Defendants Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt*