UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CRANE SCHOOL, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, et al., <br><br> Defendants. | Case No. 21-cv-10001-HSG <br><br> **ORDER GRANTING MOTION TO STAY DISCOVERY** <br><br> Re: Dkt. No. 35 |

California Crane School, Inc. filed this putative class action lawsuit on December 27, 2021. Dkt. No. 1.[1] The operative complaint alleges that Defendants Apple and Google violated federal antitrust laws by agreeing not to compete in the internet search business. *See* Dkt. No. 39. All the Defendants have moved to dismiss or stay consideration of Plaintiffs' Complaint on various grounds. Specifically, the Google Defendants filed a Motion to Compel Arbitration, the Apple Defendants filed a Motion to Stay Pending Arbitration, and all Defendants filed dispositive motions to dismiss the Complaint. *See* Dkt. Nos. 32, 34, 51.

Pending before the Court is Defendants' motion for a protective order temporarily staying discovery in this case until the Court resolves those motions. Dkt. Nos. 35 ("Mot."), 42 ("Opp."). The Court finds this matter appropriate for disposition without oral argument, *see* Civil L.R. 7-1(b), and **GRANTS** the motion.

The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery

---

[1] The Court will refer to Defendants Google LLC, Alphabet Inc., XXVI Holdings, Inc., Sundar Pichai, and Eric Schmidt collectively as "Google," or the "Google Defendants," unless otherwise noted. Similarly, Defendants Apple Inc. and Tim Cook are "Apple," or the "Apple Defendants," unless otherwise noted. Defendants Pichai, Schmidt, and Cook are the "Individual Defendants," unless otherwise noted.

just because a potentially dispositive motion is pending.  Nevertheless, a "district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). And under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c).  Courts in this district often apply a two-prong test to determine whether a stay of discovery is appropriate. *See In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases).  First, the moving party must demonstrate that the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.*  Second, "the court must determine whether the pending motion can be decided absent discovery." *Id.*

Here, the Court finds that good cause exists to stay discovery until the pending motions are resolved for three reasons.  First, those motions may dispose of at least some Defendants, if not Plaintiff's entire case. *See* Dkt. No. 51 at 2 ("Defendants respectfully request an order dismissing without leave to amend all causes of action brought against them.").  Second, no additional discovery would help the Court resolve those motions because they either challenge the legal sufficiency of Plaintiff's complaint or raise narrow legal issues about the scope of Google's arbitration provisions.  And finally, forcing Defendants to spend time and resources on the kind of discovery that Plaintiff seeks—which among other things includes depositions of Apple's and Google's CEOs and senior executives—before the Court has an opportunity to assess whether Plaintiff has pled any plausible claims against them may subject Defendants to undue burden and expense. *See Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020) ("Indeed, as the Supreme Court has recognized, staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). In this case, as in the usual antitrust case, the Court believes "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

1  The Court accordingly **GRANTS** Defendants' Motion to Stay.  Discovery is **STAYED**
2  until the Court rules on Defendants' Motion to Dismiss, the Google Defendants' Motion to
3  Compel Arbitration, and the Apple Defendants' Motion to Stay this Litigation Pending
4  Arbitration.  This Order also **TERMINATES** Docket No. 55.

6  **IT IS SO ORDERED.**
7  Dated:  4/28/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge