1  Joseph M. Alioto (SBN 42680)
2  Tatiana V. Wallace, Esq. (SBN 233939)
   ALIOTO LAW FIRM
3  One Sansome Street, 35th Floor
   San Francisco, CA  94104
4  Telephone:  (415) 434-8900
   Email:  jmalioto@aliotolaw.com
5

6  [Additional Counsel Listed on Last Page]

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                            **OAKLAND DIVISION**

11  CALIFORNIA CRANE SCHOOL, INC.,                    Case No:  4:21-cv-10001 HSG
12  on behalf of itself and all others similarly
    situated
13
                            Plaintiffs,               **PLAINTIFFS REPLY TO THEIR**
14                                                    **MOTION FOR DEFENDANTS TO SHOW**
    vs.                                               **CAUSE WHY THEIR MOTION TO**
15                                                    **COMPEL ARBITRATION SHOULD NOT**
    GOOGLE LLC, ALPHABET, INC., XXVI                  **BE TERMINATED AS MOOT**
16  HOLDINGS, INC., APPLE, INC., TIM
    COOK, SUNDAR PICHAI, and ERIC                     Hearing Date: September 29, 2022
17  SCHMIDT,                                          Time:         2:00 p.m.
                                                      Place:        Courtroom 2
18                          Defendants.               Judge:        Hon. Haywood S. Gilliam Jr.
19
20
21
                                    **Introduction**
22
23          On March 18, 2022 Google filed its Motion to Compel Arbitration of Plaintiffs'
24  original Complaint putting at issue the allegations of Plaintiffs' original Complaint.
25  Subsequently, on March 29, 2022, Plaintiffs filed their First Amended Complaint raising new
26  issues. In their Opposition to Plaintiffs' Motion for Defendants to Show Cause, Defendants
27  admit that Plaintiffs' First Amended Complaint ("FAC") contains changes that are "material
28

to the Motion to Compel Arbitration," (Defendants' Opposition ECF 74 2:1-3), including the new request for "public injunctive relief" alleged in ¶¶162a.-i. of the FAC.

Since Defendants' Motion to Compel Arbitration was filed prior to the filing of Plaintiffs' First Amended Complaint, it was directed to Plaintiffs' original Complaint only. Thus, Google's Motion to Compel Arbitration fails to put at issue the subsequently filed allegations in the FAC, including the request for "public injunctive relief" alleged in ¶¶162a.-i. of the FAC.

## I. The Federal Arbitration Act Exempts the FAC From Arbitration

The "saving clause" of the Federal Arbitration Act ("FAA") exempts the FAC from arbitration under Section 2 of the FAA 9 U.S.C. sec. 2, which provides that "[a] written provision in …a contract…to settle by arbitration a controversy thereafter arising out of such contract…shall be valid, irrevocable, and enforceable, "save upon such grounds as exist at law or in equity for the revocation of any contract."

Google's Terms and Conditions, Defendants' Exhibits A and D to Decl. Shadd at ¶14 Miscellaneous (a) state :

> "ALL CLAIMS ARISING OUT OF OR RELATING TO THESE TERMS OR THE PROGRAMS WILL BE GOVERNED BY CALIFORNIA LAW…"

Under California law, the California Supreme Court's *McGill* rule provides that a contractual provision that "purports to waive [a party's] right to request in any forum …public injunctive relief, [it] is invalid and unenforceable." *McGill v. Citibank,* N.A., 393 P.3d 85 at 94 (Cal. 2017), citing Calif. Civil Code sec. 3513. In *Hodges v. Comcast Cable Communications, LLC,* 12 F.4th 1108 (9th Cir. December 21, 2022) the Ninth Circuit reaffirm[ed] that non-waivable "public injunctive relief" is exempt from arbitration under the FAA's saving clause so long as the request for public injunctive relief seeks to restrain future violations of law for the benefit of the general public as a whole, rather than a discrete subset

of similarly situated persons, without requiring consideration of the individual claims of non-parties.

Thus, FAC ¶¶162a.-i. which seek public injunctive relief to restrain future violations of law for the benefit of the public as a whole without consideration of individual claims of non-parties are exempt from arbitration under California law pursuant to the FAA's saving clause since the allegations request public injunctive relief that seeks to restrain future violations of law for the benefit of the general public as a whole, rather than a discrete subset of similarly situated persons as follows:

**"Forward-Looking Public Injunctive Relief for The General Public as A Whole**

162. For the benefit of the general public as a whole, it is requested that the Court:
a. Enjoin Defendants from future agreements that Apple not compete with Google in the search business and to divide the search business, from future agreements to share or pool profits, from future agreements to provide Google with exclusive search privileges on Apple devices and from future agreements to meet for the purpose of discussing anticompetitive conduct;

b. Enjoin and prohibit Defendant Cook and Defendant Pichai from making future agreements that Apple not compete with Google in the search business and to divide the search business, from making future agreements for Google to share or pool profits with Apple, from making future agreements to provide Google with exclusive search privileges on Apple devices and from making future agreements to meet for the purpose of discussing such anticompetitive conduct.

**"Disgorgement For the Future Benefit of The General Public as A Whole**

c. For the benefit of the general public as a whole, it is requested that the Court require Apple to disgorge all payments, plus interest from the first payment, made by Google to Apple in consideration of Apple's agreement not to compete against Google to preclude Google and Apple from using those funds in the future as capital available to fund or promote any future agreements between them not to compete in the search business or divide it;

d. For the benefit of the general public as a whole, it is requested that the Court require Apple to disgorge all payments, plus interest from the first payment, made by Google to Apple in consideration of their agreement to pool or share profits to preclude Google and Apple from using those funds in the future as capital available to fund or promote any future pooling or sharing of profits by Google with Apple.

"e. For the benefit of the general public as a whole, it is requested that the Court require Apple to disgorge all payments, plus interest from the first payment, made by Google to Apple in consideration of Apple's agreement to provide exclusive, out-of-the-box access on its devices to Google to preclude Google and Apple from using those funds in the future as capital available to fund or promote future exclusive out-of-the-box access by Google to Apple's devices.

"f. For the benefit of the general public as a whole, it is requested that the Court enter any other preliminary or permanent relief necessary and appropriate to restore competitive conditions in the search business affected by Google and Apple's unlawful conduct to preclude Google and Apple from engaging in the anticompetitive conduct alleged herein in the future."

### A. Disgorgement Of Google's Payments to Apple Is a Forward Looking Request for Injunctive Relief for The Benefit of The Public as a Whole

The FAC's request for disgorgement of the payments made by Google to Apple is authorized by Section 16 of the Clayton Act. The disgorgement relief relative to the payments made by Google to Apple in the FAC is forward-looking "public injunctive relief" for the benefit of the general public as a whole. FAC ¶162 c.-f. The disgorgement sought seeks to preclude Google and Apple from using these funds as capital to promote future anticompetitive conduct. *U.S. v. KeySpan Corp.* 763 F. Supp 2d 633 (SDNY 2011). ("The primary purpose of disgorgement is not to compensate [victims] ... [but rather to] forc[e] a defendant to give up the amount by which he was unjustly enriched.") The FAC seeks disgorgement as future injunctive relief "to preclude Google and Apple from using these funds in the future as capital available to fund or promote any future agreements between them "not to compete in the search business or divide it; …to fund or promote any future pooling or sharing of profits by Google with Apple;…to fund or promote future out-of-the-box access by Google to Apple's devices; …to preclude Google and Apple from engaging in the anticompetitive conduct alleged herein in the future." FAC ¶¶162 c.-f.  Disgorgement supports the goal of restraining *future* violations. *U.S. v Carson*, 52 F.3d 1173, 1182 (2d Cir.

1995). (Disgorgement is appropriate if "the funds are being used to fund or promote the illegal conduct or constitute capital available for that purpose").

Disgorgement of the payments Google made to Apple as alleged in FAC ¶¶162 c.-f. is relief for the benefit of the public as a whole, which seeks removal of the tainted funds from Defendants to preclude their future use for anticompetitive purposes either by payment to the U.S. Treasury or for the public benefit. *U.S. v. KeySpan Corp.* 763 F. Supp 2d 633 (SDNY 2011).

### B. Divestiture Is a Forward Looking Request for Injunctive Relief for The Benefit of The Public as a Whole

The FAC ¶162 g.-i. seeks divestiture of Google and Apple as follows:

**"Divestiture For the Future Benefit of The General Public as A Whole**

"g. For the future benefit of the public as a whole, it is requested that the Court effect a forward-looking divestiture of the anticompetitive business structures, that Google and Apple have erected and abused, by dividing Google into separate and independent companies and by dividing Apple into separate and independent companies to reestablish competition in search in the future, just as was necessary to reestablish competition in Standard Oil Co. of New Jersey v. United States, 221 U.S. 1, 78 (1911), stating:

> (: "…the application of remedies two-fold in character becomes essential: 1st. To forbid the doing in the future of acts like those which we have found to have been done in the past which would be violative of the statute. 2d. The exertion of such measure of relief as will effectually dissolve the combination found to exist in violation of the statute, and thus neutralize the extension and continually operating force which the possession of the power unlawfully obtained has brought and will continue to bring about.")in which Standard Oil was divided by the Court into the following separate and independent companies: Standard Oil of Ohio, Standard Oil of Indiana, Standard Oil of New York, Standard Oil of New Jersey, Standard Oil of California, Standard Oil of Kentucky, Standard Oil of Iowa, Standard Oil of Minnesota, Standard Oil of Illinois, Standard Oil of Kansas, Standard Oil of Missouri, Standard Oil of Nebraska, Standard Oil of Louisiana—a/k/a Exxon, Mobile, Chevron, Amoco, Sohio, Conoco et cetera.

"h. For the future benefit of the general public as a whole, it is requested that the Court enter any other future injunctive relief necessary and appropriate to restore competitive conditions in the future in the search business affected by Google and Apple's unlawful conduct;

"i. For the future benefit of the general public as a whole, it is requested that the Court enter any other future injunctive relief for the benefit of the general public as a whole that the Court finds just and proper.

In upholding the remedy of dissolution and divestiture in *Standard Oil Co. of New Jersey v. United States*, 221 U.S. 1, 77-78 (1911), the U.S. Supreme Court established the court's power under the Sherman Act to order dissolution and divestiture and stressed that the remedy involves "public injunctive relief" in that it is forward-looking and seeks to prevent "injury to the public" as a whole, stating:

> "It may be conceded that, ordinarily, where it was found that acts had been done in violation of the statute, adequate measure of relief would result from restraining the doing of such acts in the future. *Swift v. United States,* 196 U. S. 375. But in a case like this, where the condition which has been brought about in violation of the statute, in and of itself, is not only a continued attempt to monopolize, but also a monopolization, the *duty to enforce the statute requires the application of broader and more controlling remedies.* As penalties which are not authorized by law may not be inflicted by judicial authority, it follows that, to meet the situation with which we are confronted, the application of remedies two-fold in character becomes essential: 1st. *To forbid the doing in the future of acts* like those which we have found to have been done in the past which would be violative of the statute. 2d. The exertion of such measure of relief as will effectually *dissolve the combination* found to exist in violation of the statute, and thus neutralize the extension and continually operating force which the possession of the power unlawfully obtained has brought and will continue to bring about.
>
> "In applying remedies for this purpose, however, the fact must not be overlooked that *injury to the public* by the prevention of an undue restraint on, or the monopolization of, trade or commerce is the foundation upon which the prohibitions of the statute rest, and, moreover, that one of the fundamental purposes of the statute is to protect, not to destroy, rights of property." (Emphasis supplied).

Thus, divestiture is a forward-looking form of "public injunctive relief" for the benefit of the public as a whole. *California v. American Stores Co.,* 495 U.S. 271, 283-285 (1990) ("…the literal text of sec. 16 [of the Clayton Act] is plainly sufficient to authorize injunctive relief, including an order of divestiture that will prohibit that conduct from causing that harm. This interpretation is consistent with our precedents which have upheld injunctions issued

pursuant to section 16 regardless of whether they were mandatory or prohibitory in character. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 395 U.S. 129-122 (1969) (reinstating injunction that required defendants to withdraw from patent pools)…We have recognized when construing sec. 16 that it was enacted 'not merely to provide private relief, but…to serve as well the high purpose of enforcing the antitrust laws…and capable of nice adjustment and reconciliation between the public interest and private needs… "); *Citizen Publishing Company v. United States*, 394 U.S. 131, 135-136, 89 S. Ct. 927, 22 L. Ed 2d 148, (1969) (affirming "divestiture and re-establishment of the Star as an independent competitor and for modification of the joint operating agreement so as to eliminate price-fixing, market control, and profit-pooling provisions…"); *Int'l Boxing Club v. United States,* 358 U.S. 242, 255-261(1959)(affirming the divestiture of Madison Square Garden by boxing promoters).

### C. An Injunction Against Agreements Not to Compete and Against Future Agreements to Share or Pool Profits Is Also a Forward Looking Request for Injunctive Relief that Benefits the Public as a Whole

The FAC ¶162 a. & b. (see quoted passages above) seek injunctive relief prohibiting Google and Apple from sharing profits and from agreeing with one another not to compete.

These injunction allegations, along with those for divestiture and disgorgement, also constitute a forward-looking form of "public injunctive relief" directed to the benefit of the public as a whole.

In sum, since disgorgement, divestiture and injunctions against profit pooling are all forward-looking forms of relief that benefit the general public as a whole, as alleged in FAC ¶162 a.-i., and since these allegations constitute "public injunctive relief" under *Hodges v. Comcast Cable Communications, LLC, supra*, this Complaint is exempt from arbitration under the rule enunciated in *McGill v. Citibank*, 393 P.3d 85, 87 under the FAA's "saving

clause" exception to arbitration based upon revocation of contract (9 U.S.C. sec.2) and fraudulent concealment (FAC ¶¶158-160).

## II. Plaintiff By Filing Suit Has Opted Out of Arbitration, Under Google's Own Terms, Which Is Not Waived as Provided in Google's Non-Waiver Clause

By filing suit, Plaintiffs have opted out of arbitration, under Google's Terms and Conditions. Defendants' Exhibits A and D to Decl. Shadd at ¶13F, state:

"Google's Terms in **para. 13F** provides:

"**30-day opt out period.** Customer (both for itself and for any Advertiser that Customer represents) and Advertiser have the right to opt out of this Dispute Resolution Agreement. A Customer or Advertiser who does not wish to be bound by this Dispute Resolution Agreement (including its waiver of class and representative claims) must notify Google as set forth below within 30 days of the first acceptance date of any version of these Terms containing an arbitration provision (unless a longer period is required by applicable law…

But Google's Terms at **Para 14(g)** state:

"Neither party will be treated as having waived any rights by not exercising (or by delaying the exercise of) any rights under these Terms."

Since Google's Terms at Para 14(g) state that: "Neither party will be treated as having waived any rights by not exercising (or by delaying the exercise of) any rights under these Terms," Plaintiff has not waived its Opt Out rights in para 13F with respect to the Dispute Resolution Agreement for arbitration by not exercising them or delaying them.

## III. Fraudulent Concealment Alleged in The FAC Is Ground for Revocation of the Contract Making It Exempt from Arbitration Under The FAA

Third, fraudulent concealment, as alleged in the FAC ¶¶158-160, is a ground for "revocation of any contract" which, under the "saving clause" of the Federal Arbitration Act ("FAA"), thereby exempts this case from arbitration under Section 2 of the FAA 9 U.S.C. Sec. 2. The final clause of Section 2 of the FAA provides that "[a] written provision in …a contract…to settle by arbitration a controversy thereafter arising out of such contract…shall

be valid, irrevocable, and enforceable, **save upon such grounds as exist at law or in equity for the revocation of any contract."** As a result, the instant case is not arbitrable under the FAA's "saving clause" since fraudulent concealment is a ground for the revocation of any contract under common law and California Civil Code sec.1689 provides for revocation or rescission of contract for fraud, failure of consideration, unlawfulness, and prejudice to the public interest.

Again, Google's Terms and Conditions at ¶14 Miscellaneous (a) state :

"ALL CLAIMS ARISING OUT OF OR RELATING TO THESE TERMS OR THE PROGRAMS WILL BE GOVERNED BY CALIFORNIA LAW…"

For this reason, California's law of fraudulent concealment controls Google's Terms ¶14 Miscellaneous (a), which provides grounds for the revocation of any contract exempt from arbitration under the FAA's saving clause. Thus, having alleged fraudulent concealment, plaintiff is exempt from arbitration since fraudulent concealment is a ground for revocation of a contract under California law.

## Conclusion

Defendants Motion to Compel Arbitration should be taken off calendar as moot since it applies to the original complaint, and, because the motion was filed prior to the First Amended Complaint being filed, it does not place the First Amended Complaint at issue. In the alternative, Defendants Motion to Compel Arbitration should simply be denied.

Dated:  June 15, 2022                ALIOTO LAW FIRM

By:  /s/ *Joseph M. Alioto*
Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone: (415) 434-8900
Attorneys for Plaintiffs

ADDITIONAL PLAINTIFFS COUNSEL:

Lawrence G. Papale (SBN 67068)
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, CA 94574
Telephone: (707) 963-1704
Email: lgpapale@papalelaw.com

Robert J. Bonsignore (SBN
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

Theresa Moore (SBN 99978)
LAW OFFICE OF THERESA D. MOORE PC
One Sansome Street, 35th Floor
San Francisco, CA 94104
Phone: (415) 613-1414
tmoore@aliotolaw.com

Josephine Alioto (SNB 282989)
THE VEEN FIRM
20 Haight Street
San Francisco CA 94102
Telephone: (415) 673-4800
Email: jalioto@veenfirm.com

Christopher A Nedeau (SBN 81297)
NEDEAU LAW PC
154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

Lingel H. Winters, Esq. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
388 Market St. Suite 1300
San Francisco, California 94111
Telephone: (415) 398-2941
Email: sawmill2@aol.com

Jeffrey K. Perkins (SBN 57996)
LAW OFFICES OF JEFFREY K. PERKINS
1550-G Tiburon Boulevard, #344
Tiburon, California 94920
Telephone: (415) 302-1115
Email: jeffreykperkins@aol.com

*Plaintiffs Reply to Their Motion for Defendants to Show Cause Why Their Motion to Compel Arbitration Should Not Be Terminated as Moot*
10