Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Email:  jmalioto@aliotolaw.com
Attorneys for Plaintiffs

[Additional Counsel Listed on Last Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC, ALPHABET, INC., XXVI HOLDINGS, INC., APPLE, INC., TIM COOK, SUNDAR PICHAI, and ERIC SCHMIDT,<br><br>Defendants. | Case No:  4:21-cv-10001 HSG<br><br>**PLAINTIFFS SUR-REPLY TO MOTION TO COMPEL ARBITRATION**<br><br>Hearing Date: September 29, 2022<br>Time:  2:00 p.m.<br>Place:  Courtroom 2<br>Judge:  Hon. Haywood S. Gilliam Jr. |

## INTRODUCTION

Plaintiffs respectfully submit this Sur-Reply Brief in response to Defendants' Motion to Compel Arbitration, Docket No. 32, pursuant to the Court's Order of June 16, 2022.

### I. Arbitration Has Been Waived by The Parties

By filing suit, Plaintiffs opted out of arbitration, and by filing their Motion to Dismiss for failure to state a claim Defendants accepted Plaintiff's opt-out and waived their right to arbitration by seeking a decision on the merits for the Court to decide.

*Newirth v. Aegis Senior Communities*, 931 F.3d 935, 941 (9th Cir. 2019) ("Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum" in a game of "heads I win, tails you lose." *Hooper v. Cash Advance Centers*, 589 F.3d 917, 922 (8th Cir. 2009). On May 22, 2020, the U.S. Supreme Court held that it is error "to condition a waiver of the right to arbitration on a showing of prejudice." *Morgan v. Sundance, Inc.*, No. 21-328, 596 U.S.___, (May 23, 2022). By seeking a judicial decision on the merits, therefore, Defendants have waived their right to arbitration.

## II. The Federal Arbitration Act Exempts the FAC From Arbitration

The "saving clause" of the Federal Arbitration Act ("FAA") exempts the FAC from arbitration under Section 2 of the FAA, 9 U.S.C. Section 2, which provides that "[a] written provision in …a contract…to settle by arbitration a controversy thereafter arising out of such contract…shall be valid, irrevocable, and enforceable….save upon such grounds as exist at law or in equity for the revocation of any contract."

Because Google's Terms and Conditions (Defendants' Exhibits A and D to Decl. Shadd at ¶14 Miscellaneous (a)) designate that California law is controlling ("ALL CLAIMS ARISING OUT OF OR RELATING TO THESE TERMS OR THE PROGRAMS WILL BE GOVERNED BY CALIFORNIA LAW…"), California law governs the interpretation of the contract and the arbitration clause. California law provides two grounds for revocation of any contract. Both grounds, including 1) public injunctive relief FAC ¶¶162 a.-i under California Civil Code sec. 3513, and 2) fraudulent concealment, FAC ¶¶ 158-160, which is a ground for revocation of any contract under California Civil Code sec. 1689, have been alleged in the FAC.

The California Supreme Court's ruling in McGill provides that a contractual provision such as an arbitration clause that "purports to waive [any party's] right to request in any forum such public injunctive relief, is invalid and unenforceable." *McGill v. Citibank*, N.A., 2 Cal.5th 945 (2017) (emphasis added), citing Calif. Civil Code sec. 3513. Most recently in *Hodges v. Comcast Cable Communications, LLC*, 12 F.4th 1108, 1114-1116 (9th Cir. December 21, 2022), the Ninth Circuit reaffirmed that "non-waivable 'public injunctive relief'" is exempt from arbitration under the

FAA's saving clause so long as the request for public injunctive relief "aims to restrain future violations of law for the benefit of the general public as a whole, rather than a discrete subset of similarly situated persons, and that does so without requiring consideration of the individual claims of non-parties."

Thus, the allegations of the FAC ¶¶162 a.-i., that seek public injunctive relief to restrain future violations of law for the benefit of the public as a whole without consideration of individual claims of non-parties are exempt from arbitration under California law pursuant to the FAA's saving clause since the allegations request public injunctive relief that seeks to restrain future violations of law as diffuse benefits to the general public as a whole, rather than to a discrete subset of similarly situated persons.

### A. The Clayton Act Section 16 Authorizes Private Parties to Seek Divestiture, a Diffuse Injunctive Relief that Benefits the Public as a Whole

In *California v. American Stores Co.*, 495 U.S. 271, 283-285 (1990), the Court held that Section 16 of the Clayton Act authorizes private parties to sue for injunctive relief, including to seek an order of divestiture for the interest of the diffuse public, and not for a limited discrete class of persons, stating at 495 U.S. 283-285:

> "Private enforcement of the Act was in no sense an afterthought; it was an integral part of the congressional plan for protecting competition… [ Its availability should be 'conditioned by the necessities of the public interest which Congress has sought to protect.'"]…We hold that such a remedy [divestiture] is a form of "injunctive relief" within the meaning of Section 16 of the Clayton Act." (Emphasis supplied).

Thus, the Court held that Section 16 of the Clayton Act authorizes private suits for divestiture to protect competition that meets the Hodges standards of futurity and "diffuse benefits to the general public as a whole," Hodges at 1114-1116. Plaintiff's request for future divestiture of the anticompetitive structure, its request to dismantle the unlawful profit sharing and revenue sharing agreements between Google and Apple, its demands to curtail the unlawful division of markets and to stop the unlawful payments made to Apple so that it would not compete with Google in search would serve to benefit everyone in society – consumers, competitors, and all other members of the general public, by enhancing competition.  These remedies are not directed at a

discrete class of persons, nor do these remedies involve consideration of the rights and obligations of non-parties. The Hodges court also confirmed these principles in *Blair v. Rent-A-Center*, 928 F.3d 819, 822-23 (9th Cir. 2019) where it found that the plaintiff Blair had sought public injunctive relief by demanding a halt to Rent-A-Center's unlawful pricing structure, a remedy that would affect a future benefit to the general public at large, not just to the plaintiff. *Hodges* at 1116.

Defendants incorrectly argue that the injunctive relief under The Clayton Act Section 16 is limited to "threatened loss or damage." But the Court in California v. *American Stores*, 495 U.S. 271 at 281-282 specifically rejected that argument, stating:

> "If divestiture is an appropriate means of preventing future harm, the statutory reference to "threatened loss or damage" surely does not negate the Court's power to grant such relief…. The second phrase, which refers to "threatened conduct that will cause loss or damage," is not drafted as a limitation on the power to grant relief…."

As a private plaintiff, Plaintiff has standing as a member of the public as a whole that is threatened with loss or damage from Google and Apple's anticompetitive conduct structure to seek public injunctive relief to restore competitive conditions in search in the future for the diffuse benefit of the public as a whole, FAC ¶¶162 g.-i.

**B.  Disgorgement is Forward-Looking Injunctive Relief Meant for the Benefit of the Public as a Whole**

The FAC seeks disgorgement of the revenues from search that Google shared with Apple as future injunctive relief "to preclude Google and Apple from using these funds in the future as capital available to fund or promote any future agreements between them "not to compete in the search business or divide it; …to fund or promote any future pooling or sharing of profits by Google with Apple;…to fund or promote future out-of-the-box access by Google to Apple's devices; …to preclude Google and Apple from engaging in the anticompetitive conduct alleged herein in the future." FAC ¶¶162 c.-f.

The FAC's request for disgorgement of the payments made by Google to Apple constitutes an important form of injunctive relief that is specifically authorized by Section 16 of the Clayton Act. The disgorgement of the payments made by Google to

Apple alleged in FAC ¶¶162 c.-f. is forward-looking "public injunctive relief" in that it is directed to the diffuse benefit of the general public as a whole, not for the benefit of a discrete class of persons. *United States v. KeySpan Corp.* 763 F. Supp 2d 633 (SDNY 2011). ("The primary purpose of disgorgement is not to compensate [discrete victims] ... [but rather to] forc[e] a defendant to give up the amount by which he was unjustly enriched.").

Indeed, the relief sought would directly benefit the public because the disgorged payments would be paid to the United States Treasury. *United States. v Carson*, 52 F.3d 1173, 1182 (2d Cir. 1995). (Disgorgement is appropriate if "the funds are being used to fund or promote the illegal conduct or constitute capital available for that purpose"). Disgorgement of the payments Google made to Apple as alleged in FAC ¶¶162 c.-f. is relief for the benefit of the public as a whole in that it seeks removal of the tainted funds from Defendants to preclude their future use for anticompetitive purposes either by payment to the U.S. Treasury or for the public benefit. *U.S. v. KeySpan Corp.* 763 F. Supp 2d 633 (SDNY 2011). As stated in *Liu v. Securities and Exchange Commission*, 140 S. Ct. 1936, 1946-47 (2020) 25 : "equity practice [has] long authorized courts to strip wrongdoers of their ill-gotten gains." Moreover, in *United States v. Paramount Pictures*, 334 U.S. 131, 171-72 (1948) (the Court upheld injunctive relief to deprive the defendant of the fruits of their anticompetitive conduct. Accord, *United States v. United Shoe Machinery Corp.*, 391 U.S. 244, 250 (1968); *United States v. Grinnell*, 384 U.S. 563, 577 (1966); *Schine Chain Theatres, Inc. v. United States,* 334 U.S. 110, 128–29 (1948); *United States v. Microsoft*, 253 F.3d 34, 103 (D.C. Cir. 2001) (en banc) ("[A] remedies decree in an antitrust case must seek to . . . 'deny to the defendant the fruits of its statutory violation...'"

"Equity relief may include . . the disgorgement of improperly attained gains." 2A Philip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application*, Paragraph 325a (3d ed. 2006).

## CONCLUSION

For the reasons stated above, Defendants' Motion to Compel Arbitration should be denied.

Dated: June 24, 2022         ALIOTO LAW FIRM

By: /s/ *Joseph M. Alioto*
Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone: (415) 434-8900
Attorneys for Plaintiffs

ADDITIONAL PLAINTIFFS COUNSEL:

Lawrence G. Papale (SBN 67068)
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, CA 94574
Telephone: (707) 963-1704
Email: lgpapale@papalelaw.com

Robert J. Bonsignore (SBN
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

Theresa Moore (SBN 99978)
LAW OFFICE OF THERESA D. MOORE PC
One Sansome Street, 35th Floor
San Francisco, CA 94104
Phone: (415) 613-1414
tmoore@aliotolaw.com

Josephine Alioto (SNB 282989)
THE VEEN FIRM
20 Haight Street
San Francisco CA 94102
Telephone: (415) 673-4800
Email: jalioto@veenfirm.com

Christopher A Nedeau (SBN 81297)
NEDEAU LAW PC
154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

Lingel H. Winters, Esq. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
388 Market St. Suite 1300
San Francisco, California 94111
Telephone: (415) 398-2941
Email: sawmill2@aol.com

Jeffrey K. Perkins (SBN 57996)
LAW OFFICES OF JEFFREY K. PERKINS
1550-G Tiburon Boulevard, #344
Tiburon, California 94920
Telephone: (415) 302-1115
Email: jeffreykperkins@aol.com