Jack P. DiCanio (SBN 138752)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4660
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com

Karen Hoffman Lent (admitted *pro hac vice*)
Michael A. Lanci (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: karen.lent@skadden.com
Email: michael.lanci@skadden.com

Steven C. Sunshine (admitted *pro hac vice*)
Julia K. York (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

Attorneys for Defendants Apple Inc. and Tim
Cook

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, ALPHABET INC., XXVI HOLDINGS INC., APPLE INC., TIM COOK, SUNDAR PICHAI, and ERIC SCHMIDT, <br><br> Defendants. | CASE NO. 4:21-cv-10001-HSG <br><br> **APPLE DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** <br><br> Date: January 19, 2023 <br> Time: 2:00 p.m. <br> Place: Courtroom 2 <br> Judge: Hon. Haywood S. Gilliam, Jr. |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................... 1

III.  ARGUMENT ....................................................................................................... 4

      A.    Plaintiff Unduly Delayed in Seeking Leave to Amend ............................ 4

      B.    The Apple Defendants Would Be Prejudiced by Plaintiff's Further
            Amendments ............................................................................................. 6

      C.    Plaintiff's Proposed Amendments Would Be Futile .................................. 7

            1.    Plaintiff's Attempt to Add State Law Claims to Seek Public
                  Injunctive Relief Would be Futile ................................................ 8

            2.    Plaintiff's Proposed State Law Claims Are All Independently
                  Defective ..................................................................................... 9

            3.    This Court May Decline to Exercise Supplemental Jurisdiction Over
                  Plaintiff's UCL and Unjust Enrichment Claims ......................... 11

      D.    Plaintiff Already Had One Prior Opportunity for Amendment ............... 12

      E.    The Record Supports a Reasonable Inference of Bad Faith or Dilatory
            Motive ..................................................................................................... 13

IV.   CONCLUSION .................................................................................................. 14

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

### CASES

4

*Alfasigma USA, Inc. v. First Databank, Inc.*,
    No. 18-cv-06924-HSG, 2021 WL 4459754 (N.D. Cal. Aug. 11, 2021) ............................... 6

5

6

*Allen v. City of Beverly Hills*,
    911 F.2d 367 (9th Cir. 1990) ........................................................................................... 4, 5

7

8

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) ................................................................................................ 4

9

*Apple Inc. v. Samsung Electronics Co., Ltd*,
    282 F.R.D. 259 (N.D. Cal. 2012) ...................................................................................... 14

10

11

*Avakian v. Wells Fargo Bank, N.A.*,
    827 F. App'x 765 (9th Cir. 2020) ..................................................................................... 11

12

*Barrett v. Apple Inc.*,
    523 F. Supp. 3d 1132 (N.D. Cal. 2021) ........................................................................... 11

13

14

*Barrett v. Optimum Nutrition*,
    No. CV 21-4398-DMG (SKx), 2022 WL 2035959 (C.D. Cal. Jan. 12, 2022) .............. 10, 11

15

16

*BNSF Railway Co. v. San Joaquin Valley Railroad Co.*,
    No. 1:08–cv–01086–AWI–SMS, 2011 WL 3328398 (E.D. Cal. Aug. 2, 2011) ................... 6

17

*Bonin v. Calderon*,
    59 F.3d 815 (9th Cir. 1995) ................................................................................................ 7

18

19

*Brown v. Natures Path Foods, Inc.*,
    No. 21-cv-05132-HSG, 2022 WL 3357669 (N.D. Cal. Aug. 15, 2022) ............................... 6

20

21

*Cabrera v. Residential Credit Solution Inc.*,
    No. CV 14-09212 DMG (AWJx), 2015 WL 13916231
    (C.D. Cal. Sept. 10, 2015) ................................................................................................. 13

22

23

*Cisco Systems, Inc. v. Dexon Computer, Inc.*,
    No. 20-cv-04926-CRB, 2021 WL 5848080 (N.D. Cal. Dec. 9, 2021) ................................. 9

24

25

*Coffee v. Google, LLC*,
    No. 20-cv-03901-BLF, 2022 WL 94986 (N.D. Cal. Jan. 10, 2022) ................................... 10

26

*Colonial Medical Group, Inc. v. Catholic Health Care West*,
    444 F. App'x 937 (9th Cir. 2011) ....................................................................................... 9

27

28

-ii-

*Dairy, LLC v. Milk Moovement, Inc.*,
No. 2:21-cv-02233 WBS AC, 2022 WL 2392622 (E.D. Cal. July 1, 2022) ...................... 11

*Davis v. Pinterest, Inc.*,
No. 19-cv-07650-HSG, 2020 WL 6342936 (N.D. Cal. Oct. 29, 2020) ............................ 4, 5

*Franczak v. Suntrust Mortgage Inc.*,
No. 5:12–cv–01453 EJD, 2013 WL 4764327 (N.D. Cal. Sept. 5, 2013) ............... 6, 7, 13, 14

*In re Google Digital Advertising Antitrust Litigation*,
No. 20-cv-03556-BLF, 2021 WL 2021990 (N.D. Cal. May 13, 2021), *appeal
dismissed in part*, Nos. 20-15689, 20-15700, 2020 WL 9257963 (9th Cir. Nov. 17,
2020), *aff'd*, No. 20-15689, 2022 WL 474166 (9th Cir. Feb. 16, 2022). .............................. 5

*Grant v. Pensco Trust Co., LLC*,
No. 12-cv-06084-WHO, 2014 WL 1471054 (N.D. Cal. Apr. 15, 2014) ............................. 10

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) .................................................................... 10

*Hammerling v. Google LLC*,
No. 21-cv-09004-CRB, 2022 WL 2812188 (N.D. Cal. July 18, 2022) ............................... 11

*Hawthorne v. Yanez*,
No. 17-cv-04960-HSG, 2021 WL 5998397 (N.D. Cal. Dec. 20, 2021) ........................... 5, 6

*Hernandez v. DMSI Staffing, LLC*,
79 F. Supp. 3d 1054 (N.D. Cal. 2015) , *aff'd*, 677 F. App'x 359 (9th Cir. 2017) ............... 13

*Hicks v. PGA Tour, Inc.*,
897 F.3d 1109 (9th Cir. 2018) ........................................................................... 10

*Hodges v. Apple Inc.*,
No. 13-cv-01128-WHO, 2013 WL 4393545 (N.D. Cal. Aug. 12, 2013) ............................ 10

*Hodges v. Comcast Cable Communications, LLC*,
21 F.4th 535 (9th Cir. 2021) .................................................................................. 8

*Horton v. Vinson*,
No. 1:14CV192, 2015 WL 4774276 (N.D. W. Va. Aug. 12, 2015) .................................... 13

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990) ................................................................................ 5

*Johnson v. JP Morgan Chase Bank, N.A.*,
No. EDCV 17-2477 JGB (SPx), 2018 WL 4726042 (C.D. Cal. Sept. 18, 2018) .................. 9

*Ketayi v. Health Enrollment Group*,
516 F. Supp. 3d 1092 (S.D. Cal. 2021) .................................................................... 10

*Lawson v. Ocwen Loan Servicing LLC*,
    No. C10–5481BHS, 2011 WL 39009 (W.D. Wash. Jan. 4, 2011) ........................................ 6

*Magana v. DoorDash, Inc.*,
    343 F. Supp. 3d 891 (N.D. Cal. 2018) ................................................................................... 8

*Marquez v. DSW Shoe Warehouse, Inc.*,
    No. 20-cv-07759-JSW, 2021 WL 6200337 (N.D. Cal. Mar. 12, 2021) ............................... 12

*McGill v. Citibank, N.A.*,
    2 Cal. 5th 945 (2017) ............................................................................................................. 8

*Millbrooke v. City of Canby*,
    2014 WL 715480 (D. Or. Feb. 24, 2014) ....................................................................... 13, 14

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*,
    795 F.3d 1124 (9th Cir. 2015) ............................................................................................... 9

*Novak v. United States*,
    795 F.3d 1012 (9th Cir. 2015) ............................................................................................... 7

*Parducci v. Overland Solutions, Inc.*,
    399 F. Supp. 3d 969 (N.D. Cal. 2019) ............................................................................. 9, 10

*Pimentel v. Aloise*,
    Nos. 18-cv-00411-EMC, 18-cv-01958-EMC, 2018 WL 6025613
    (N.D. Cal. Nov. 16, 2018) .................................................................................................... 11

*Pistacchio v. Apple Inc.*,
    No. 4:20-cv-07034-YGR, 2021 WL 949422 (N.D. Cal. Mar. 11, 2021) ............................ 11

*Rogers v. Lyft, Inc.*,
    452 F. Supp. 3d 904 (N.D. Cal. 2020), *appeal dismissed in part*, Nos. 20-15689, 20-
    15700, 2020 WL 9257963 (9th Cir. Nov. 17, 2020), *aff'd*, No. 20-15689, 2022 WL
    474166 (9th Cir. Feb. 16, 2022) ............................................................................................. 5

*San Francisco Herring Ass'n v. United States Department of the Interior*,
    946 F.3d 564 (9th Cir. 2019) ............................................................................................ 4, 12

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ............................................................................................... 12

*Schutza v. Zulkoski*,
    No. 14cv116–LAB (WVG), 2014 WL 5092875 (S.D. Cal. Oct. 9, 2014) .......................... 12

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ............................................................................................... 10

*Souter v. Edgewell Personal Care Co.*,
    No. 20-CV-1486 TWR (BLM), 2022 WL 485000 (S.D. Cal. Feb. 16, 2022) ..................... 11

-iv-

*Swift Harvest USA, LLC v. Boley International HK Ltd*,
    No. ED CV 19-1700-DMG (GJSx), 2020 WL 7380148
    (C.D. Cal. Sept. 22, 2020) .......................................................................................... 11

*Tindle v. City of Daly City*,
    No. 13-cv-02449-HSG, 2016 WL 3198619 (N.D. Cal. June 9, 2016) ................................... 4

*Utterkar v. Ebix, Inc.*,
    No. 14-cv-02250-LHK, 2015 WL 5027986 (N.D. Cal. Aug. 25, 2015) .................. 5, 6, 7, 13

*Vallarta v. United Airlines, Inc.*,
    497 F. Supp. 3d 790 (N.D. Cal. 2020) ................................................................................ 11

*Victor v. R.C. Bigelow, Inc.*,
    2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) .................................................................... 10

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) .............................................................................................. 9

## STATUTES

15 U.S.C. § 1 ............................................................................................................................... 1

15 U.S.C. § 2 ............................................................................................................................... 1

28 U.S.C. § 1332(a) ................................................................................................................... 12

## RULES

Fed. R. Civ. P. 15(a)(2) ............................................................................................................... 4

## I.     INTRODUCTION

Plaintiff's request for leave to file a second amended complaint should be denied.  Not only does the proposed Second Amended Complaint (the "PSAC"), ECF No. 90-2, do nothing to cure the multiple deficiencies that Defendants[1] identified in the First Amended Complaint (which in turn did nothing to cure the deficiencies in the original complaint), but also Plaintiff proposes to add state law claims—all of which could have been included in Plaintiff's original or amended complaint— ostensibly for purposes of seeking "public injunctive relief," despite the fact that this Court has already said such relief is not available here.  *See* Pl.'s Mem. in Support of Mot. for Leave to Amend (the "Motion" or "Motion for Leave to Amend"), ECF No. 90-1.  The filing of the PSAC would unduly delay these proceedings and no doubt prejudice the Apple Defendants by requiring them to brief Plaintiff's failure to state a claim for a third time.  In any event, amendment would be futile because (1) Plaintiff's theory of "public injunctive relief" remains inherently flawed; (2) Plaintiff's proposed Cartwright Act, Unfair Competition Law ("UCL"), and Unjust Enrichment claims are all independently deficient, including because they are predicated on Plaintiff's deficient federal law claims; and (3) this Court may decline to exercise supplemental jurisdiction over Plaintiff's UCL and Unjust Enrichment claims, given the shortcomings of Plaintiff's other claims.  The Court should therefore reject Plaintiff's effort to burden it and the Apple Defendants with yet another insufficient pleading.

## II.    BACKGROUND

Plaintiff's action has been defective from its inception nine months ago.  Plaintiff commenced this action on December 27, 2021, and its original complaint raised only federal law claims—one claim under Section 1 of the Sherman Act, 15 U.S.C. § 1, and one claim under Section 2 of the Sherman Act, 15 U.S.C. § 2.  Compl. ¶¶ 135–52, ECF No. 1.  Pursuant to those federal law claims, the original complaint sought both treble damages and injunctive relief in the form of billions of dollars of disgorgement and divestiture on behalf of a putative class of millions of search advertisers.

---

[1] Defendants are Google LLC, Alphabet Inc., XXVI Holdings Inc., Apple Inc., Tim Cook, Sundar Pichai, and Eric Schmidt.  Defendants Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt collectively are referred to herein as "Google," or the "Google Defendants," unless otherwise noted.  Defendants Apple Inc. ("Apple") and Tim Cook are together referred to herein as the "Apple Defendants," unless otherwise noted.

1    *Id.* ¶¶ 66, 156.  On March 18, 2022, Defendants filed a Motion to Dismiss, identifying numerous

2    reasons for this Court to dismiss Plaintiff's Sherman Act claims in their entirety, including that

3    Plaintiff: (1) did not allege a plausible horizontal conspiracy; (2) did not identify a facially

4    sustainable relevant market; (3) failed to allege that the Apple Defendants specifically intended to

5    monopolize, or for Google to monopolize, any relevant market; and (4) lacked antitrust standing.

6    ECF No. 33 at 6–20.  The same day, the Google Defendants filed a Motion to Compel Arbitration,

7    which explained that Plaintiff signed an agreement to individually "arbitrate all disputes and claims

8    . . . that arise out of or relate in any way to" its participation in Google's advertising programs and

9    services.  ECF No. 32 at 2 (internal quotation marks omitted).  The Apple Defendants also filed a

10   corresponding Motion to Stay Pending Arbitration.  ECF No. 34.

11       On March 29, 2022, while these motions were pending, Plaintiff filed its First Amended

12   Complaint (the "FAC").  ECF No. 39.  Like the original complaint, the FAC raised only federal law

13   claims (i.e., the same antitrust claims under Sections 1 and 2 of the Sherman Act).  *Id.* ¶¶ 135–57.

14   Plaintiff's limited amendments made no effort to cure the pleading defects; the only change of note

15   was Plaintiff's attempt to label its requests for disgorgement and divestiture as so-called "public

16   injunctive relief," *id.* ¶ 162, evidently in an effort to invoke the *McGill* rule as a means to evade the

17   arbitration agreement it signed (and the Google Defendants' Motion to Compel Arbitration, *see* ECF

18   No. 43 at 2–3).  In their April 8, 2022 Reply in Support of their Motion to Compel Arbitration, the

19   Google Defendants explained, *inter alia*, that federal law does not authorize private antitrust suits

20   for public injunctive relief and that, in any event, the FAC did not actually seek public injunctive

21   relief.  ECF No. 48 at 2–6.  In their Reply in Support of their Motion to Stay Pending Arbitration,

22   the Apple Defendants likewise noted that Plaintiff may not seek public injunctive relief.  ECF No.

23   50 at 3.  In view of the FAC's deficiencies, Defendants filed a second motion to dismiss (the "Motion

24   to Dismiss the FAC") on April 12, 2022, raising all the same arguments they raised in their previous

25   Motion to Dismiss, explaining once more that Plaintiff could not seek public injunctive relief, and

26   requesting a September 29, 2022 hearing date.[2]  ECF No. 51 at 7–21, 25.

27   

28   [2] On September 20, 2022, this Court continued the hearing on the Apple Defendants' Motion to
     Dismiss until October 18, 2022.  ECF No. 94.

This Court held argument on the Google Defendants' Motion to Compel Arbitration on August 11, 2022, following *numerous* additional filings by Plaintiff directed at its request for public injunctive relief and/or the Google Defendants' Motion to Compel Arbitration.[3]  During the argument, the Court observed that Plaintiff could likely not seek public injunctive relief under federal law and asked Plaintiff whether it was aware of any cases in which a court permitted a plaintiff to seek such relief under federal law.  Transcript of Proceedings Held on August 11, 2022 ("Tr.") 4:14–5:1, 8:1–8:10, ECF No. 93.  Plaintiff acknowledged it was aware of no such cases and for the first time suggested it could remedy the issue by amending its complaint again to add a Cartwright Act claim.  Tr. 8:11–9:4.  Despite the Court's request for a justification as to why Plaintiff failed to bring such a claim in the first instance, Plaintiff could provide none, noting only that it "didn't think it was necessary at the time" to do so.  Tr. 9:5–9.

The Court granted the Google Defendants' Motion to Compel Arbitration the following day and stayed all claims against the Google Defendants.  ECF No. 86.  In granting that motion, the Court provided three overarching reasons for rejecting Plaintiff's theory of public injunctive relief.  *Id.* at 6–8.  First, because public injunctive relief "is a creature of California law," Plaintiff's federal law claims do not authorize such relief.  *Id.* at 6–7 (internal quotation marks omitted).  Second, any amendment to add a Cartwright Act claim would be futile because "no court has interpreted the Cartwright Act . . . to authorize the distinct kind of public injunctive relief" Plaintiff seeks.  *Id.* at 7.  And third, even if Plaintiff could bring a claim that authorized public injunctive relief, its specific claims are "paradigmatic 'representative claims'" for which public injunctive relief is not available.  *Id.* at 8.

Notwithstanding the Court's decision granting the Google Defendants' Motion to Compel Arbitration, on September 9, 2022—almost one month after the Court's decision and at that time less than three weeks from oral argument on the Apple Defendants' pending Motion to Dismiss the FAC—Plaintiff filed the instant Motion, seeking leave to amend the FAC to add purportedly

---

[3] These filings included: (1) an "Objection" to the Google Defendants' Motion to Compel, ECF No. 53; (2) a Motion for an Order to Show Cause as to why the Google Defendants' Motion to Compel Arbitration was not rendered moot by the FAC, ECF Nos. 66; (3) a Reply in Support of the Motion for an Order to Show Cause, ECF No. 78; and (4) a Sur-Reply in Opposition to the Google Defendants' Motion to Compel Arbitration, ECF No. 81.

1    "necessary language and supporting California causes of action" that would permit public injunctive

2    relief.  Mot. 6.  The PSAC adds a putative class action claim under the Cartwright Act and purports

3    to raise claims for "himself" and "for the general public" under the UCL and for Unjust Enrichment.

4    PSAC ¶¶ 160–89.  However, like the amendments in the FAC, the amendments in the PSAC do

5    nothing to cure the pleading failures identified in the Apple Defendants' Motion to Dismiss.  Plaintiff

6    expressly acknowledges that "[t]he underlying facts alleged . . . have not changed."  Mot. 5.

7    **III.    ARGUMENT**

8         Plaintiff's request to amend the FAC to pursue a deficient legal theory—one it has been aware

9    of for months—is entirely without merit and should be rejected.  While Federal Rule of Civil

10   Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires,"

11   leave to amend "is not granted automatically."  *Tindle v. City of Daly City*, 2016 WL 3198619, at *1

12   (N.D. Cal. June 9, 2016) (Gilliam, J.) (internal quotation marks omitted).  "[L]ate amendments to

13   assert new theories are not reviewed favorably," especially where, as here, "the facts and the theory

14   have been known to the party seeking amendment since the inception of the cause of action."  *S.F.*

15   *Herring Ass'n v. U.S. Dep't of the Interior*, 946 F.3d 564, 582 (9th Cir. 2019) (quoting *Royal Ins.*

16   *Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999)).  And a district court's "discretion

17   to deny leave to amend is particularly broad where," as here, "the plaintiff has previously amended

18   the complaint."  *Id.* (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).  Courts

19   generally weigh five factors in determining whether leave to amend is warranted, including: (1)

20   undue delay, (2) prejudice to the opposing party, (3) futility of amendment, (4) whether the plaintiff

21   has previously amended its complaint, and (5) bad faith.  *Davis v. Pinterest, Inc.*, 2020 WL 6342936,

22   at *2 (N.D. Cal. Oct. 29, 2020) (Gilliam, J.).  Here, these factors conclusively weigh against allowing

23   leave to amend.

24        **A.    Plaintiff Unduly Delayed in Seeking Leave to Amend**

25        Denial of leave to amend is warranted because Plaintiff unduly delayed in attempting to raise

26   the theories it now seeks to assert, and allowing amendment would only create further delay.  The

27   "undue delay" factor takes into account whether "the moving party knew or should have known the

28   facts and theories raised by the amendment in the original pleading," *AmerisourceBergen Corp. v.*

1   *Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation marks omitted), and denial

2   of leave to amend is proper where a plaintiff "present[s] no new facts but only 'new theories' and

3   'provide[s] no satisfactory explanation for his failure to fully develop his contentions originally,'"

4   *Allen*, 911 F.2d at 374 (quoting *Vincent v. Trend W. Tech. Corp.*, 828 F.2d 563, 570–71 (9th Cir.

5   1987)).

6        Here, Plaintiff concedes that all of its new state law causes of action in the PSAC are based

7   on the same facts as its original causes of action under the Sherman Act.  Mot. 5.  Plaintiff thus

8   acknowledges that it knew of the facts underlying its proposed state law causes of action from the

9   inception of this litigation in December 2021—nine months ago.  In such circumstances, courts

10  regularly find undue delay and deny leave to amend.  *See, e.g.*, *Hawthorne v. Yanez*, 2021 WL

11  5998397, at *1 (N.D. Cal. Dec. 20, 2021) (Gilliam, J.) (denying leave due to unexplained delay of

12  "over a year"); *Utterkar v. Ebix, Inc.*, 2015 WL 5027986, at *7 (N.D. Cal. Aug. 25, 2015) (denying

13  leave where the plaintiff knew of the facts underlying the causes of action for over ten months but

14  offered no explanation for why the new causes of action were not brought earlier).  Indeed, the Ninth

15  Circuit has held that an unexplained delay of eight months may constitute undue delay.  *See Jackson

16  v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).  And a finding of undue delay is particularly

17  appropriate where, as here, a plaintiff had "ample opportunity to allege" new claims but "failed to

18  provide any reasonable justification for not bringing" them in the first instance "in [its] initial

19  complaint or [its] first amended complaint."  *Davis*, 2020 WL 6342936, at *2.

20       Plaintiff had no explanation for omitting state law claims from its prior pleadings when asked

21  by the Court.  Tr. 9:5–9.  Now, Plaintiff asserts that the need for the state law claims "did not become

22  clear until the Court issued its order granting the motion to compel arbitration on August 12, 2022."

23  Mot. 4.  But that makes no sense given the clear case law holding that a plaintiff "may not seek public

24  injunctive relief under the Sherman Act."  *In re Google Digit. Advert. Antitrust Litig.*, 2021 WL

25  2021990, at *7 (N.D. Cal. May 13, 2021); *see also, e.g.*, *Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904,

26  919 (N.D. Cal. 2020) ("The public injunction is a creature of California law . . . .").  Indeed,

27  Defendants pointed that out (in addition to identifying many other deficiencies in Plaintiff's original

28  complaint and FAC) in their briefing on the Motions to Dismiss, to Compel Arbitration, and to Stay

1   Pending Arbitration *months* before this Court issued its order granting the Google Defendants'

2   Motion to Compel Arbitration.  *See* ECF Nos. 48, 50–51.

3          In any event, as Plaintiff's new state law claims are futile in light of Plaintiff's flawed theory

4   of "public injunctive relief" and inability to meet basic pleading standards, *see infra* Section III.C,

5   permitting amendment would only "further delay" this action by "no doubt prompt[ing] another

6   motion to dismiss." *Alfasigma USA, Inc. v. First Databank, Inc.*, 2021 WL 4459754, at *2 (N.D.

7   Cal. Aug. 11, 2021) (Gilliam, J.) (denying leave where the plaintiff did not "provide any reasonable

8   justification for not bringing this claim in either its initial complaint or first amended complaint");

9   *Hawthorne*, 2021 WL 5998397, at *1 (concluding that granting leave "would create undue delay" in

10  light of pending "dispositive motions").  For all these reasons, the "undue delay" factor thus weighs

11  strongly in favor of denying leave to amend.

12         **B.      <u>The Apple Defendants Would Be Prejudiced by Plaintiff's Further Amendments</u>**

13         Denial of leave to amend is further warranted because the Apple Defendants would be

14  prejudiced by amendment.  Courts find prejudice to a party opposing amendment where, *inter alia*,

15  that party shows amendment would cause "expense, delay, and wear and tear on individuals and

16  companies," *Utterkar*, 2015 WL 5027986, at *6 (internal quotation marks omitted), or

17  "unnecessarily increase costs," *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, 2011 WL 3328398, at

18  *2 (E.D. Cal. Aug. 2, 2011).  By that logic, courts often find prejudice to a party opposing an

19  amendment where a motion to dismiss is fully briefed and pending.  *See e.g.*, *Hawthorne*, 2021 WL

20  5998397, at *1; *Franczak v. Suntrust Mortg. Inc.*, 2013 WL 4764327, at *4 (N.D. Cal. Sept. 5, 2013);

21  *Lawson v. Ocwen Loan Servicing LLC*, 2011 WL 39009, at *1 (W.D. Wash. Jan. 4, 2011) (finding

22  prejudice where amendment would have "moot[ed] Defendants' pending motion to dismiss").  For

23  example, in *Brown v. Natures Path Foods, Inc.*, on which Plaintiff relies, *see* Mot. 3–5, this Court

24  expressly acknowledged that a defendant "would suffer prejudice by having to respond to a third

25  complaint," where it already filed two motions to dismiss, which "weigh[ed] in favor of denying

26  leave."  2022 WL 3357669, at *2 (N.D. Cal. Aug. 15, 2022) (Gilliam, J.).

27         Granting Plaintiff leave to amend would similarly prejudice the Apple Defendants, who have

28  already filed two motions to dismiss.  This Court is now scheduled to hear argument on the Apple

-6-

1    Defendants' Motion to Dismiss the FAC (which included supplemental briefing at the Court's

2    request) on October 18, 2022.  Despite all that briefing and with oral argument fast approaching,

3    Plaintiff "created a situation whereby [the Apple Defendants'] second, fully-briefed motion to

4    dismiss could be rendered moot just at the point when it is ready to be decided."  *Franczak*, 2013

5    WL 4764327, at *4 (finding such tactics both "dilatory and prejudicial").  Given Plaintiff's failure

6    to address the defects identified by Defendants in Plaintiff's Sherman Act claims, and the

7    deficiencies inherent in its new state law claims, *see infra* Section III.C, the proposed amendments

8    would prompt another motion to dismiss.  In "requir[ing the Apple Defendants] to incur additional

9    litigation expenses that [they] would not otherwise face" by virtue of further motion practice, the

10   proposed amendments would cause the Apple Defendants prejudice.  *Utterkar*, 2015 WL 5027986,

11   at *6.  Put simply, the Apple Defendants should not be required to brief the same issues a third time.

12   This factor, too, weighs in favor of denying leave.

13              **C.    Plaintiff's Proposed Amendments Would Be Futile**

14              Denial of leave to amend is also warranted because amendment would be futile.  "[T]he

15   general rule that parties are allowed to amend their pleadings does not extend to cases in which any

16   amendment would be an exercise in futility or where the amended complaint would also be subject

17   to dismissal."  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (internal quotation marks

18   omitted).  In fact, futility "can, by itself, justify the denial of a motion for leave to amend."  *Bonin v.*

19   *Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Plaintiff's unchanged Sherman Act claims would face

20   dismissal for all the reasons set forth in the Motion to Dismiss and the Motion to Dismiss the FAC,[4]

21   *see* ECF Nos. 33, 51, and the newly added state law claims are futile for several reasons: (i) this

22   Court already held that any attempt by Plaintiff to seek public injunctive relief—the principal reason

23   for Plaintiff's amendment, *see* Mot. 4, 8—would be futile; (ii) Plaintiff's new state law claims under

24   the Cartwright Act, the UCL, and the doctrine of Unjust Enrichment are all independently defective;

25

26

27   ---
[4] Plaintiff concedes that the PSAC does not add any factual allegations and that its "underlying theory
of the case has not changed."  Mot. 5–6.  By Plaintiff's own admission, then, the Apple Defendants'
28   arguments demonstrating that dismissal of Plaintiff's Sherman Act claims is warranted remain
wholly intact—and, if anything, only further support dismissal with prejudice.

**APPLE DEFENDANTS' OPPOSITION TO MOT. FOR LEAVE TO AMEND FAC**          **Case No. 4:21-cv-10001-HSG**

1  and (iii) if this Court dismisses Plaintiff's Sherman Act and Cartwright Act claims, it may decline to

2  exercise supplemental jurisdiction over Plaintiff's new UCL and Unjust Enrichment claims.

### 1.   Plaintiff's Attempt to Add State Law Claims to Seek Public Injunctive Relief Would be Futile

5      The Court already explained that it would be futile for Plaintiff to amend the FAC to add

6  state law claims for purposes of seeking public injunctive relief (the principal reason for Plaintiff's

7  amendment here, *see* Mot. 4, 8) in order to avoid—under the *McGill* rule—the arbitration agreement

8  it entered into with Google.[5]  *See* ECF No. 86 at 7–8 (citing *McGill v. Citibank, N.A.*, 2 Cal. 5th 945

9  (2017)).  "Under that rule, . . .  a contractual provision [that] 'purports to waive [a party's] right to

10  request in any forum . . . public injunctive relief . . . is invalid and unenforceable under California

11  law.'"  *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 539 (9th Cir. 2021) (some

12  alterations in original) (quoting *McGill*, 2 Cal. 5th at 961).  But "public injunctive relief within the

13  meaning of *McGill* is limited to forward-looking injunctions that seek to prevent future violations of

14  law for the benefit of the general public as a whole, as opposed to a particular class of persons."  *Id.*

15  at 542.  Far from seeking forward-looking relief, Plaintiff's FAC and PSAC pursue class claims

16  seeking substantial damages on behalf of a putative class of millions of search advertisers, PSAC ¶

17  135, and Plaintiff now seeks to *add* class claims under the Cartwright Act, *id.* ¶162.

18      Further, any amendment attempting to seek public injunctive relief would be futile because

19  Plaintiff's specific claims "are paradigmatic 'representative claims' that would primarily benefit a

20  discrete set of similarly-situated persons" (here, the discrete group of "individuals or entities who

21  have paid to advertise on Google's services").  ECF No. 86 at 7–8.  Any benefit to the public from

22  Plaintiff's proposed claims "would be derivative of and ancillary to the benefit to [search

23  advertisers]."  *Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 901 (N.D. Cal. 2018).  The addition

24  of a conclusory note that Plaintiff seeks relief under the UCL individually and on behalf of the public

---

25  [5] This Court previously considered whether an amendment would be futile in view of a potential
26  Cartwright Act claim, *see* ECF No. 86 at 7–8, but its reasoning generally applies with equal force to
   Plaintiff's proposed claims under both the doctrine of Unjust Enrichment and the UCL.  Notably,
27  despite this Court's explanation that "no court has interpreted the Cartwright Act (*or any other law
   other than the UCL, CLRA, and FAL*) to authorize . . . public injunctive relief," *see* ECF No. 86 at 7
28  (emphasis added), Plaintiff still seeks to add claims under the Cartwright Act and for Unjust
   Enrichment specifically for purposes of seeking such relief, *see* Mot. 4, 8.

**APPLE DEFENDANTS' OPPOSITION TO MOT. FOR LEAVE TO AMEND FAC**          **Case No. 4:21-cv-10001-HSG**

1  "as a whole" rather than "as a class action or as a representative action," PSAC ¶ 169, does nothing

2  to change that fact. Ultimately, Plaintiff's "prayers for monetary relief [remain at] the heart of [its]

3  claims" and, therefore, its request for public injunctive relief—and attempt to invoke the *McGill*

4  rule—fail. *See Johnson v. JP Morgan Chase Bank, N.A.*, 2018 WL 4726042, at *7 (C.D. Cal. Sept.

5  18, 2018).

6  ## 2. Plaintiff's Proposed State Law Claims Are All Independently Defective

7  Even aside from the Court's prior observations as to the futility of Plaintiff's requests for

8  public injunctive relief, which apply with equal force to the amendments Plaintiff now proposes, *see*

9  *supra* Section III.C.1 & n.4, Plaintiff's proposed claims under the Cartwright Act, the UCL, and the

10  doctrine of Unjust Enrichment are independently deficient and would be dismissed.

11  **Cartwright Act.** Plaintiff's Cartwright Act claim must be dismissed for the same reasons as

12  Plaintiff's Sherman Act claim because "the requirements for a claim under California's Cartwright

13  Act are identical to those for a claim under the Sherman Act." *See e.g.*, *Colonial Med. Grp., Inc. v.*

14  *Cath. Health Care W.*, 444 F. App'x 937, 939 (9th Cir. 2011) (unpublished); *see also Name.Space,*

15  *Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1131 & n.5 (9th Cir. 2015);

16  *Cisco Sys., Inc. v. Dexon Computer, Inc.*, 2021 WL 5848080, at *5 (N.D. Cal. Dec. 9, 2021).

17  **UCL.** Plaintiff's UCL claim fares no better. "[T]he UCL creates three varieties of unfair

18  competition—acts or practices which are unlawful, or unfair, or fraudulent." *Wilson v. Hewlett-*

19  *Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (internal quotation marks omitted). Plaintiff

20  appears to seek relief under each of the three UCL prongs,[6] PSAC ¶¶ 174–77, but none is satisfied.

21  To the extent Plaintiff premises its UCL claim on "unlawful acts," the claim is predicated on

22  Plaintiff's Sherman and Cartwright Act claims and must be dismissed for the same reasons as those

23  claims. *Parducci v. Overland Sols., Inc.*, 399 F. Supp. 3d 969, 982 (N.D. Cal. 2019). To the extent

24  Plaintiff premises its UCL claim on "unfair acts," the claim also falls for the same reasons as its

25

---

26  [6] On a less generous reading of the PSAC, Plaintiff's UCL claim appears to include only an "unlawful" claim. The PSAC alleges that Defendants violated the UCL by "violating Sections 1 and

27  2 of the Sherman Act" and the Cartwright Act. PSAC ¶¶ 174. Likewise, Plaintiff's Motion for Leave to Amend references only supposedly "unlawful" conduct, Mot. 2, 6–7, and does not mention

28  "fraudulent" or "unfair" conduct. *Cf. Wilson*, 668 F.3d at 1140 (deeming allegations under the "unfair" and "fraudulent" prongs waived where "opening brief only discusse[d] unlawful prong").

1   antitrust claims, *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1124 (9th Cir. 2018) ("[T]he determination

2   that [] conduct is not an unreasonable restraint of trade necessarily implies that [it] is not 'unfair'

3   towards consumers." (internal quotation marks omitted)), and because it necessarily overlaps

4   "completely with [Plaintiff's flawed] claim under the [unlawful] prong," *Parducci*, 399 F. Supp. 3d

5   at 982 ("[W]here the unfair business practices alleged under the unfair prong of the UCL overlap

6   entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the

7   unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not

8   survive."); *see also Coffee v. Google, LLC*, 2022 WL 94986, at *13 (N.D. Cal. Jan. 10, 2022); *Hadley*

9   *v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104–05 (N.D. Cal. 2017).[7]   Finally, to the extent

10  Plaintiff advances a "fraudulent acts" UCL claim, Plaintiff does not plead fraud with the requisite

11  degree of particularity under Federal Rule of Civil Procedure 9(b).   *Parducci*, 399 F. Supp. 3d at

12  982; *see also Grant v. Pensco Tr. Co., LLC*, 2014 WL 1471054, at *6 (N.D. Cal. Apr. 15, 2014).

13      **Unjust Enrichment.**  Plaintiff's claim for Unjust Enrichment also cannot survive.  Although

14  "there is no[] . . . cause of action for unjust enrichment" under California law, courts sometimes

15  construe a purported unjust enrichment claim "as a quasi-contract claim seeking restitution." *Ketayi*

16  *v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1139 (S.D. Cal. 2021) (internal quotation marks

17  omitted).  They will only do so, however, in circumstances involving "mistake, fraud, coercion, or

18  request," *see id.* (internal quotation marks omitted), and in which restitution is the only adequate

19  remedy available, *see Barrett v. Optimum Nutrition*, 2022 WL 2035959, at *6 (C.D. Cal. Jan. 12,

20  2022).   Plaintiff's Unjust Enrichment claim ignores these requirements and instead relies on its

21  (flawed) antitrust claims to allege that Defendants were unjustly enriched "[a]s a result of their

22  unlawful conduct," PSAC ¶ 187, which is insufficient for several reasons.

23

24  ────────────────────

[7] Even if the PSAC could be read to include a non-overlapping "unfair" claim, it still does not
properly allege one.  Plaintiff "fails to state a claim under the [] 'unfair' prong because [it] does not

25  plead . . . that [Defendants] violated some public policy or that any harm to [it] outweighs the utility
of [Defendants'] conduct."  *Hodges v. Apple Inc.*, 2013 WL 4393545, at *5 (N.D. Cal. Aug. 12,

26  2013); *see also Victor v. R.C. Bigelow, Inc.*, 2014 WL 1028881, at *18 (N.D. Cal. Mar. 14, 2014)
(holding plaintiff failed to state a claim under either of the prevailing tests of establishing an "unfair"

27  prong violation).  Moreover, while Plaintiff seeks disgorgement under the UCL, it cannot secure
"restitution for past harm under the UCL" because it does not allege—and cannot establish—that it

28  "lacks an adequate remedy at law," particularly given that it squarely seeks damages to compensate
for its alleged harm.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

1    *First*, "Plaintiff does not allege any quasi-contract between the parties" sufficient for this
2    court to infer a quasi-contract claim in the first instance. *Swift Harvest USA, LLC v. Boley Int'l HK*
3    *Ltd*, 2020 WL 7380148, at \*16 (C.D. Cal. Sept. 22, 2020). *Second*, Plaintiff's conclusory allegations
4    are insufficient to "plausibly plead[] an actionable wrong" because the PSAC does not allege any
5    mistake, fraud, coercion, or request—let alone "with [the] particularity" required by Rule 9(b).
6    *Hammerling v. Google LLC*, 2022 WL 2812188, at \*17 (N.D. Cal. July 18, 2022); *Dairy, LLC v.*
7    *Milk Moovement, Inc.*, 2022 WL 2392622, at \*8 (E.D. Cal. July 1, 2022) (dismissing claim that
8    "incorporate[d] by reference all of [plaintiff's] other allegations and allege[d] in conclusory terms
9    that [defendant was] unjustly enriched"); *Souter v. Edgewell Pers. Care Co.*, 2022 WL 485000, at
10   \*12 (S.D. Cal. Feb. 16, 2022). Indeed, "[b]ecause [Plaintiff's] other causes of action did not state a
11   claim, [its Unjust Enrichment] claim also [necessarily] fails." *Avakian v. Wells Fargo Bank, N.A.*,
12   827 F. App'x 765, 766 (9th Cir. 2020) (unpublished); *Vallarta v. United Airlines, Inc.*, 497 F. Supp.
13   3d 790, 810 (N.D. Cal. 2020) (Gilliam, J.) (dismissing unjust enrichment claim premised on UCL
14   claim); *see also Pistacchio v. Apple Inc.*, 2021 WL 949422, at \*3 (N.D. Cal. Mar. 11, 2021) ("[A]
15   bald conclusory allegation of supracompetitive prices fails to satisfy pleading requirements [for an
16   unjust enrichment claim]."). And *third*, Plaintiff does not "adequately plead[]" that restitution is the
17   only adequate remedy available at law to address the harm it alleges, *Barrett v. Apple Inc.*, 523 F.
18   Supp. 3d 1132, 1157 (N.D. Cal. 2021); on the contrary, Plaintiff expressly seeks monetary damages
19   for the same conduct for which it seeks restitution. *Optimum Nutrition*, 2022 WL 2035959, at \*6.
20   Thus, Plaintiff's Unjust Enrichment claim should be dismissed.

21          **3.    This Court May Decline to Exercise Supplemental Jurisdiction Over**
                   **Plaintiff's UCL and Unjust Enrichment Claims**
22

23          If this Court dismisses Plaintiff's Sherman Act and Cartwright Act claims, it may "decline
24   supplemental jurisdiction over [Plaintiff's other] state law claim[s]." *Pimentel v. Aloise*, 2018 WL
25   6025613, at \*23 (N.D. Cal. Nov. 16, 2018). Courts typically decline to exercise supplemental
26   jurisdiction over pendent state law claims where they have dismissed all claims over which they had
27   original jurisdiction. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010)
28   (explaining that the balance of factors leans against exercising jurisdiction over remaining state law

-11-

1  claims).  The PSAC invokes the Court's subject-matter jurisdiction for its Sherman Act claims, the

2  Court's diversity jurisdiction under the Class Action Fairness Act ("CAFA") for its Cartwright Act

3  claim, and the Court's supplemental jurisdiction for its remaining state law claims.  PSAC ¶¶ 1–3,

4  47.   Dismissal of Plaintiff's Sherman Act claims would divest this Court of subject-matter

5  jurisdiction, and dismissal of Plaintiff's Cartwright Act claim would divest this Court of jurisdiction

6  under CAFA.  *See Marquez v. DSW Shoe Warehouse, Inc.*, 2021 WL 6200337, at *1 (N.D. Cal. Mar.

7  12, 2021) (agreeing "that dismissal of class claims divests the district court of CAFA jurisdiction"

8  and "declin[ing] to exercise supplemental jurisdiction").[8]  Thus, if the Court dismisses Plaintiff's

9  Sherman Act and Clayton Act claims, it may choose not to "exercise supplemental jurisdiction over

10  [Plaintiff's remaining] state law claims."  *See Schutza v. Zulkoski*, 2014 WL 5092875, at *3 (S.D.

11  Cal. Oct. 9, 2014).  For all these reasons, Plaintiff's PSAC would be futile, and this factor weighs

12  heavily in favor of denying leave.

13  ### D.   <u>Plaintiff Already Had One Prior Opportunity for Amendment</u>

14  Denial of leave to amend is further warranted because Plaintiff already amended its

15  complaint.  Plaintiff filed the FAC shortly after Defendants filed their original Motion to Dismiss

16  and the Google Defendants filed their Motion to Compel Arbitration, i.e., after having seen all of

17  Defendants' arguments on these motions.  Despite that preview of Defendants' arguments, the FAC's

18  principal change from Plaintiff's original complaint was a relabeling of Plaintiff's requests for

19  disgorgement and divestiture as so-called requests for "public injunctive relief" as a means to address

20  the Google Defendants' Motion to Compel Arbitration; the FAC barely even attempted to cure any

21  of the substantive problems with its Sherman Act claims that Defendants pointed out and did not

22  raise any state law claims.  Months after Plaintiff filed the FAC, Plaintiff conceded to this Court that

23  it could have advanced the state law claims it now seeks to add at the dawn of this litigation.  *S.F.

24  Herring Ass'n*, 946 F.3d at 582 (noting that "discretion to deny leave to amend is particularly broad

25  where the plaintiff has previously amended the complaint" and where "the facts and the theory have

26  been known to the party seeking amendment since the inception of the cause of action" (internal

27
28  [8] Notably, Plaintiff's PSAC does not invoke this Court's general diversity jurisdiction and, in fact, concedes that the parties do not have complete diversity sufficient to maintain diversity jurisdiction over Plaintiff's UCL and Unjust Enrichment claims under 28 U.S.C. § 1332(a).  PSAC ¶¶ 50–52.

1  quotation marks omitted)).  "Because Plaintiff has already had an opportunity to amend his complaint

2  in response to a motion to dismiss filed by Defendant[s], this factor also weighs in favor of denying

3  Plaintiff leave to amend . . . ."  *Utterkar*, 2015 WL 5027986, at *8.

### E.     The Record Supports a Reasonable Inference of Bad Faith or Dilatory Motive

5         Finally, denial of leave to amend is warranted because the record also calls into question

6  whether Plaintiff acted with bad faith or dilatory motive in seeking leave to file the proposed

7  amendments at this stage.  Courts may find bad faith or dilatory motive where a plaintiff "merely is

8  seeking to prolong the litigation by adding new but baseless legal theories," *Cabrera v. Residential*

9  *Credit Sol. Inc.*, 2015 WL 13916231, at *7 (C.D. Cal. Sept. 10, 2015) (quoting *Griggs v. Pace Am.*

10  *Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)), or where a plaintiff brings a motion for leave to amend

11  for tactical reasons, such as where a Plaintiff's "true purpose" in seeking amendment is "to prevent

12  a ruling on [a] pending motion to dismiss," *see Franczak*, 2013 WL 4764327, at *4.

13        The record here supports a reasonable inference that Plaintiff's motive in seeking leave to

14  amend was both tactical and designed to prolong the litigation.  Plaintiff seeks to add multiple new

15  legal theories that, for the reasons discussed above, are without merit.  It does so by advancing a

16  faulty request for public injunctive relief that encompasses billions of dollars of disgorgement and

17  divestiture.  It does so on facts known to it for at least nine months, without addressing any

18  deficiencies previously identified by Defendants, and "with no explanation for [its] delay in asserting

19  th[ese] new theor[ies]" despite previously amending its complaint.  *Millbrooke v. City of Canby*,

20  2014 WL 715480, at *4 (D. Or. Feb. 24, 2014); *see also Horton v. Vinson*, 2015 WL 4774276, at

21  *29 (N.D. W. Va. Aug. 12, 2015) (finding bad faith where plaintiff "clearly knew of" new allegations

22  when it filed amended complaint and sought "to avoid pleading standards by repeatedly amending

23  his complaint after the opposing party point[ed] out flaws in motions practice").  And it does so after

24  the Court sent this case against the Google Defendants to arbitration and already suggested that

25  amendment to add state law claims with a request for public injunctive relief would be futile, *cf.*

26  *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1059 (N.D. Cal. 2015) (denying motion

27  designed "to avoid the possibility of an adverse ruling on [] motion to compel arbitration"), and a

28  mere three weeks before oral argument on the Apple Defendants' Motion to Dismiss the FAC was

-13-

1  initially scheduled, *see Franczak*, 2013 WL 4764327, at *4.  Meanwhile, Plaintiff has named

2  Defendants' senior-most executives individually and pressed for their depositions at the earliest

3  possible stage.  *Cf. Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)

4  (noting "such discovery create[s] tremendous potential for abuse or harassment" (internal quotation

5  marks omitted)).

6         In the aggregate, the circumstances suggest that by its Motion, Plaintiff seeks merely to

7  "reinvigorate [its] case, gain [artificial] settlement leverage against Defendants, or create further

8  delay in the case."  *Millbrooke*, 2014 WL 715480, at *4.  This factor, too, supports denying leave.

9  **IV.    CONCLUSION**

10        For the foregoing reasons, this Court should deny Plaintiff's Motion for Leave to Amend.

11  Plaintiff's Motion only provides further reason for this Court to grant Defendant's pending Motion

12  to Dismiss the FAC and to dismiss Plaintiff's Complaint with prejudice.

13
   DATED: September 23, 2022              By: /s/ *Steven C. Sunshine*
14                                        _____

15                                        Steven C. Sunshine (admitted *pro hac vice*)
                                          Julia K. York (admitted *pro hac vice*)
16                                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                          LLP
17                                        1440 New York Avenue, N.W.
                                          Washington, DC 20005-2111
18                                        Telephone: (202) 371-7000
                                          Facsimile: (202) 393-5760
19                                        Email: steven.sunshine@skadden.com
                                          Email: julia.york@skadden.com
20
                                          Jack P. DiCanio (SBN 138752)
21                                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                          LLP
22                                        525 University Avenue
                                          Palo Alto, California 94301
23                                        Telephone: (650) 470-4660
                                          Facsimile: (213) 621-5430
24                                        Email: jack.dicanio@skadden.com

25                                        Karen Hoffman Lent (admitted *pro hac vice*)
                                          Michael A. Lanci (admitted *pro hac vice*)
26                                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                          LLP
27                                        One Manhattan West
                                          New York, New York 10001
28                                        Telephone: (212) 735-3000
                                          Facsimile: (212) 735-2000

-14-

Email: karen.lent@skadden.com
Email: michael.lanci@skadden.com

*Attorneys for Defendants Apple Inc. and Tim Cook*

APPLE DEFENDANTS' OPPOSITION TO MOT. FOR LEAVE TO AMEND FAC          Case No. 4:21-cv-10001-HSG

1

**SIGNATURE ATTESTATION**

2      Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that I have obtained the concurrence in the

3 filing of this document from all the signatories for whom a signature is indicated by a "conformed"

4 signature (/s/) within this e-filed document, and I have on file records to support this concurrence

5 for subsequent production for the Court if so ordered or for inspection upon request.

6

7 DATED: September 23, 2022                    By: /s/ *Steven C. Sunshine*_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28