Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:  (415) 434-8900
Email:  jmalioto@aliotolaw.com

[Additional Counsel Listed on Last Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, ALPHABET, INC., XXVI HOLDINGS, INC., APPLE, INC., TIM COOK, SUNDAR PICHAI, and ERIC SCHMIDT, <br><br> Defendants. | Case No:  4:21-cv-10001 HSG <br><br> **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)** <br><br> Hearing Date: January 19, 2023 <br> Time:          2:00 p.m. <br> Place:         Courtroom 2 <br> Judge:         Hon. Haywood S. Gilliam Jr. |

1

2

## **<u>TABLE OF CONTENTS</u>**

3

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4

II.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5

6       A.      Defendants Have Not Met Their Burden of Establishing Prejudice . . . . . .  7

7       B.      Plaintiff Has Not Unduly Delayed in Bringing this Motion for
                Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8

9       C.      Plaintiff Does Not Make This Motion in Bad Faith . . . . . . . . . . . 9

10      D.      Plaintiff's Amendment Is Not a Result of Multiple Failures to Cure
                Defective Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . 11

11

12      E.      Plaintiff's Amendment is Not Futile . . . . . . . . . . . . . . . . 12

13              1.      The Cartwright Act . . . . . . . . . . . . . . .. . . . . . 13

14              2.      The California UCL . . . . . . . . . . . . . . . .. . . . . . . 13

15              3.      Unjust Enrichment . . . . . . . . . . . . . . . . . . . . . . 14

16      III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>TABLE OF CASES</u>**

2

3

*Albers v. Yarbrough World Sols., LLC*, 2020 U.S. Dist. LEXIS 190545,
     at *10 (N.D. Cal. Oct. 14, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4

*Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . 7

5

*Brown v. Stored Value Cards, Inc.,* 953 F.3d 567, 574 (9th Cir. 2020) . . . . . . . . . . 5

6

*Conley v. Gibson*, 355 U.S. 41, 48 (1957) . . . . . . . . . . . . . . . . . . . 6

7

*Corwin v. Los Angeles Newspaper Service Bureau, Inc.*,  4 Cal.3d 842 at 852 (1971) . . . 13

8

9

*Cruz v. Tarantino Wholesale Foods*, No. 16-cv-0593-JAH (BLM),
     2016 U.S. Dist. LEXIS 197177, at *3 (S.D. Cal. Aug. 10, 2016) . . . . . . . . . . 6

10

*DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987) . . . . . . . . . 5, 6,12

11

12

*Davis v. 630 W. Broadway, LLC*, 2019 U.S. Dist. LEXIS 110789,
     at *6-7 (C.D. Cal. July 2, 2019) . . . . . . . . . . . . . . . . . . . . . . . . 8

13

14

*Domingo v. L.A. County Sheriff's Department*, 2020 U.S. Dist. LEXIS 166936,
     at *13 (C.D. Cal. May 11, 2020) . . . . . . . . . . . . . . . . . . . . . . . . 8

15

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C-06-3359- JF-RS,
     2009 WL 667171 at *2 (N.D. Cal. Mar. 10, 2009) . . . . . . . . . . . . . . . . 13

16

17

*Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003)
     *Foman v. Davis*, 371 U.S. 178, 182 (1962) . . . . . . . . . . . . . . . . . . . . 5,7

18

19

*Fashion Originators Guild* v. *Federal Trade Commission,* 114 F.2d 80,
     affirmed, 312 U.S. 457) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

20

*Forman v. Davis*, 371 U.S. 178, 182 (1962) . . . . . . . . . . . . . . . . . . . . 5,11

21

*Greencycle Paint, Inc. v. Paintcare, Inc.,* 250 F. Supp.3d (N.D. Cal. 2017) . . . . . . . 14

22

*Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999) . . . . . . . . . . 6, 9

23

*Hall v. Time, Inc.*, 158 Cal.App.4th 847 (2008) . . . . . . . . . . . . . . . . . . . 14

24

25

*Hodges v. Comcast*, 12 F.4th 1108 (2021) . . . . . . . . . . . . . . . . . . . . . . 4

26

*Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal*.,
     648 F.2d 1252, 1254 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . 6

27

*International Salt Co. v. United States,* 332 U.S. 392, at 396 (1947) . . . . . . . . . . . 4

28

*James v. UMG Recordings, Inc.*, 2012 U.S. Dist. LEXIS 146759,
    at *13 (N.D. Cal. Oct. 11, 2012) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lockheed Martin Corp. v. Network Solutions Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) . . . 8

*Meister v. Mensinger*, 230 Cal.App.4th 381 at 398-399 (2014) . . . . . . . . . . . . . . 14

*Missouri ex rel. Koster v. Harris*, 847 F.3d 646,656 (9th Cir. 2017) . . . . . . . . . . . 13

*Molly* B*rown v. Natures Path Foods, Inc.*, No. 21-CV-05132-HSG,
    2022 WL 3357669, at *1 (N.D. Cal. Aug. 15, 2022) . . . . . . . . . . . . . . . . 1, 3

*Tracht Gut, LLC v. L.A. County. Treasurer & Tax Collector*, 836 F.3d 1146,
    1155 n.4 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Trans Video Electrics, Ltd v. Sony Electrics, Inc.*, 278 F.R.D. 505 (N.D.Cal. 2011) . . . . . 10

*United States v. Jess*, 2008 U.S. Dist. LEXIS 118850, at *5 (N.D. Cal. 2008) . . . . . . .. 8

*United States v. Topco Associates, Inc*., 405 US 596 (1972) (Justice Marshall) . . . . . . 4

*Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790 (N.D. Cal. 2020) . . . . . . . . . 14

*Velazquez v. GMAC Mortgage Corp.*, 2009 U.S. Dist. LEXIS 88574,
    at *4 (C.D. Cal. Sept. 10, 2009) . . . . . . . . . . . . . . . . . . . . . . . . 8

*White Motor Company v. United States*, 372 U.S. 253 (1963) . . . . . . . . . . . . . . 4

*William Inglis v. ITT Continental*, 668 F.2d 1014 (9th Cir. 1981) . . . . . . . . . . . . 7

## TABLE OF STATUTES AND RULES

California Unfair Competition Law ("UCL") (Business & Professions Code,
§§ 17200 et. seq.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cartwright Act (Business & Professions Code, §§ 16720, et seq.) . . . . . . . . . . . . . 2

Rule 15, Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . 1, 5, 6, 7, 8

Rule 26(f), Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRELIMNARY STATEMENT

The oppositions by Google and Apple to the Motion to Amend are completely without merit on the following grounds:

1.       The purpose of Rule 15, as this Court has said in its opinion in *Molly B*rown *v. Natures Path Foods, Inc.*, No. 21-CV-05132-HSG, 2022 WL 3357669, at *1 (N.D. Cal. Aug. 15, 2022), and as the Defendants have recognized at page 3, line 24 of the Google memorandum, should ultimately be to facilitate a decision on the merits.

> The Court shall grant leave to amend "when justice so requires." *Id*. The Court must be guided by Rule 15's underlying purpose: to facilitate decision on the merits, rather than on the pleadings or technicalities. *See Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). Thus, requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.,* 953 F.3d 567, 574 (9th Cir. 2020).
>
> *Molly Brown v. Natures Path Foods, Inc.*, No. 21-CV-05132-HSG, 2022 WL 3357669 (N.D. Cal. Aug. 15, 2022).

The Defendants, on the contrary, are intent on attempting to affect a decision on the technicalities even while they have acknowledged the Court's position in their brief.

2.       Google has asserted at page 4, line 10 of its memorandum that Plaintiff has ignored the Court's Order dated August 12, 2022 compelling arbitration.  To the contrary, Plaintiff has specifically followed the Court's order.  Although the Court stated that an amendment to allege a claim for violation of the Cartwright Act would not trigger the kind of public injunctive relief required under the McGill rule to avoid arbitration, the Court went on to specifically identify the UCL, CLRA and FAL as California claims that would qualify under the McGill exception. ("This is primarily because, to the Court's knowledge, no court has interpreted the Cartwright Act (*or any other law other than the UCL, CLRA, and FAL*) to authorize the distinct kind of public injunctive relief addressed in *McGill*." Order dated August 12, 2022 at p.7, line 21 [ECF 86] Emphasis Added).

3.     There can be absolutely no prejudice to Defendants from the proposed amendment because the proceeding in this case have been on ice from day one to date. Plaintiffs early on noticed only 5 depositions which could be completed in one week; served very limited interrogatories requesting the amounts that were paid to Apple by Google and the dates when they were paid; and served limited document requests to confirm the multiple private, secret meetings between the CEO's of Apple and Google at which they would discuss their unlawful agreement.  This discovery has all been stayed at Defendants' request pending resolution of the Defendants' motions to dismiss.  Defendants have not even filed an answer and the case is not yet at issue. Consequently, there can be no prejudice whatsoever to the Defendants by the addition of the California claims.

4.     The proposed amendment would not be futile because the Court has implied that it would not be futile to proceed under the UCL in his August 12, 2022 (ECF 86) Order.

Plaintiff California Crane School, Inc. respectfully submits the following reply memorandum in support of Plaintiff's motion for an order granting Plaintiff leave to file its Second Amended Complaint.

Plaintiff will address both Defendants' opposition memoranda in this brief, as many of the arguments made by Defendants are identical.  To the extent that Defendants have made an argument unique to a Defendant, Plaintiff will address that argument separately.

Plaintiff has sought to amend its First Amended Complaint to add California causes of action, previously missing from the First Amended Complaint, against all defendants for violations of the Cartwright Act (Business & Professions Code, §§ 16720, et seq.), the California Unfair Competition Law ("UCL") (Business & Professions Code, §§ 17200 et. seq.) and for common law Unjust Enrichment.

Defendants admit the fundamental principle, as this court has previously ruled, that the purpose of the Rule is to grant leave "when justice so requires." *Molly Brown*, *supra*.

Defendants have nonetheless argued that plaintiff only seeks to amend its complaint so that it can revisit the Court's Order remanding Plaintiff's claims against Google to arbitration. Although it is correct that an amendment to add a cause of action for violation of the California UCL against Google may affect remand, this eventuality is not the reason for Plaintiff's motion. Defendant's argument overlooks the fact that Plaintiff seeks to assert valid California claims against Defendant Apple, as well as Google. If the amendment is not granted, Plaintiffs legitimate California claims against Apple may be lost. Under these circumstances, it would be unfair and would not do "justice" to Plaintiff to deny it redress on legitimate state law claims.

All three of the causes of action now sought to be included in the Second Amended Complaint provide for remedies for damages as well as for injunctive relief, including restitution and disgorgement.

If defendants are implying that the sole purpose of the motion to amend it so revisit the arbitration decision, they are not correct. There is no secret however that Plaintiff does not agree that arbitration is a proper avenue for deciding the antitrust issues that Plaintiff has raised in the complaint. Defendants have argued in their briefs that Plaintiff agreed to arbitration. Plaintiff never willingly agreed to arbitration nor was Plaintiff aware, or ever advised, that its rights would be compromised and curtailed to the extent that the Google arbitration clause dictates.

Plaintiff had no alternative but to sign Google's coercive agreement if he intended to advertise on internet search because Google was a 94% monopolist that had solidified its monopolistic position with Apple by means of an exclusivity/priority agreement and

agreement not to compete.  Had Plaintiff not signed with Google, Plaintiff would be foreclosed from a substantial market.  Foreclosure from a substantial market is *per se* illegal under the antitrust laws.  *United States v. Topco Associates, Inc*., 405 US 596 (1972) (Justice Marshall); *White Motor Company v. United States*, 372 U.S. 253 (1963); *International Salt Co. v. United States,* 332 U.S. 392, at 396 (1947) ("it is unreasonable, *per se*, to foreclose competitors from any substantial market." *Fashion Originators Guild* v. *Federal Trade Commission,* 114 F.2d 80, affirmed, 312 U.S. 457).

There is no secret that the arbitration process is flawed.  As its name advertises, it is an utterly arbitrary process that favors the large corporations.  Arbitrators are funded by the cases that are sent to arbitration by large corporations such as Apple and Google.  As a result, a compelling, common-sense case can be made that the process is inherently biased.  Arbitrators appear to favor the corporate defendants.  More importantly, however, arbitrators are not constrained by either the facts or the law in making their decisions.  Arbitrators may arbitrarily accept or reject facts, accept or reject legal precedent and permit or refuse discovery.  The arbitrator is not even required to be a lawyer.  The decisions of the arbitrator are not reviewable.

In *Hodges v. Comcast*, 12 F.4th 1108 (2021) the Ninth Circuit implied that clients signing arbitration clauses should be informed they are waiving their right to a jury trial, their right to an appeal, and broad discovery rights, and should also be informed that they could pay substantial upfront costs, and could speak with independent counsel before signing the agreement.  *Hodges* also stated that clients should be fully informed of the types of claims that would have to be submitted to arbitration prior to signing.

The fact is arbitration is a procedure that has been refined by defendants to insulate themselves from antitrust liability.  It is and has always been Plaintiff's position that important

issues of antitrust violations that affect broad segments of the economy should not be submitted to arbitration for determination.  Rather, antitrust claims should be presented to a judge who will preside over the claims pursuant to prescribed rules of civil procedure, who will follow legal precedent and who will submit the issues for decision to a finder of fact composed of one's peers.  And there is a procedure for appeal by either party.

### I. INTRODUCTION

Plaintiff has met the extremely liberal standard for amendment under Fed. R. Civ. P. 15 to warrant the filing of its proposed Second Amended Complaint adding causes of action under California's Unfair Competition Law ("UCL"), California Cartwright Act and for common law restitution. *See Brown v. Stored Value Cards, Inc.,* 953 F.3d 567, 574 (9th Cir. 2020). Apple's and Google's protests in opposition are unfounded, and Defendants have failed to meet their burden of showing unfair prejudice from the proposed amendment. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987).

Defendants variously argue that the proposed amendment would require additional discovery regarding the UCL claim and the Cartwright claim but provide no indication of how such discovery would differ from the discovery sought on the Sherman Act claims.  Nor can they, because the both the Cartwright Act and UCL claims are based on the same facts and evidence as Plaintiffs' existing Sherman Act claims, and the proposed addition does not change the theory of the case.

"Absent prejudice, or a strong showing of any of the remaining Foman factors [of undue delay, bad faith, and futility of amendment], there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Determining the propriety of a motion to amend "should be performed with all

inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). Where "the operative facts remain the same" with the addition of a new claim, "[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

The Supreme Court has held that Courts are to consider the following factors when deciding motions for leave to amend: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).[1]

In analyzing the *Foman* factors, the Court should generally make "all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999) (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Moreover, under Rule 15, "[t]hese factors are not equally weighted." *Cruz v. Tarantino Wholesale Foods*, No. 16-cv-0593-JAH (BLM), 2016 U.S. Dist. LEXIS 197177, at *3 (S.D. Cal. Aug. 10, 2016). "The *single most important factor* is whether the non-moving party

---

[1] *See also Sonoma County. Ass'n of Retired Employees. v. Sonoma County*., 708 F.3d 1109, 1117 (9th Cir. 2013); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). In analyzing the *Forman* factors, the Court should generally make "all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999) (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). See also *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). However, given these factors, "the consideration of prejudice to the opposing party [ ] carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). "Undue delay alone cannot serve as the basis for the denial of leave to amend." *In re Tracht Gut, LLC v. L.A. County Treasurer & Tax Collector*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016).

1   would be unduly prejudiced if amendment is permitted." *Id.*, at \*4 (citing *William Inglis v. ITT*

2   *Continental*, 668 F.2d 1014, 1053 n. 68 (9th Cir. 1981) Emphasis Added.).[2]

3      And it is well established in the Ninth Circuit that undue delay alone cannot justify

4   denial of leave to amend. *Tracht Gut, LLC v. L.A. County. Treasurer & Tax Collector*, 836

5   F.3d 1146, 1155 n.4 (9th Cir. 2016) ("undue delay alone cannot serve as the basis for the

6   denial of leave to amend"); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay

7   by itself, however, is insufficient to justify denying a motion to amend").[3]

8      Here, application of the relevant *Foman* factors clearly favors granting leave to amend.

9   **II. ARGUMENT**

10  **A.    Defendants Have Not Met Their Burden of Establishing Prejudice**

11     "Prejudice is 'the touchstone of the inquiry under rule 15(a).'" *Eminence Capital*, 316

12  F.3d at 1052 (quotation omitted). As the parties opposing amendment, Google and Apple have

13  failed to satisfy their "burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

14     Plaintiff's proposed addition of a UCL claim relies upon the same operative facts as

15  the Sherman Act claims, such that "the nature of the litigation and the course of defense will

16  not be substantially altered," and the amendment would not result in substantial prejudice to

17  Apple or Google due to an impending trial or summary judgment. *James v. UMG Recordings,*

18  *Inc.*, 2012 U.S. Dist. LEXIS 146759, at \*13 (N.D. Cal. Oct. 11, 2012). Here, Plaintiff's

19  proposed amendments do not change the underlying factual theory of the case.  The business

---

[2] *See also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith"); *DCD Programs*, 833 F.2d at 186-87 ("Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment.")

[3] *See also Flores v. City of Concord*, No. 15-cv-05244-TEH, 2017 U.S. Dist. LEXIS 88393, at \*5 (N.D. Cal. June 8, 2017) (referencing "clearly established law holding that undue delay by itself is insufficient to justify denying a motion to amend" (internal quotations and ellipses omitted), and granting leave to amend despite finding plaintiffs had unduly delayed in seeking leave to amend).

practices complained of have not changed. *See Velazquez v. GMAC Mortgage Corp.*, 2009 U.S. Dist. LEXIS 88574, at *4 (C.D. Cal. Sept. 10, 2009) (rejecting amendment "on behalf of new plaintiffs for business practices that were never mentioned, let alone at issue"); *Davis v. 630 W. Broadway, LLC*, 2019 U.S. Dist. LEXIS 110789, at *6-7 (C.D. Cal. July 2, 2019) (denying motion to amend filed after specific deadline to do so where trial was two months away and dispositive motion deadline had passed).

 "Additional discovery, if any, would be minimal." *Vasquez v. Libre by Nexus, Inc.*, 2018 U.S. Dist. LEXIS 204481, at *3-5 (N.D. Cal. Dec. 3, 2018). *See also Owens*, 244 F.3d at 712 (assertion of prejudice was found to lack merit where "[t]he amendment caused no delay in the proceedings and required no additional discovery."); *United States v. Jess*, 2008 U.S. Dist. LEXIS 118850, at *5 (N.D. Cal. 2008) (any additional discovery would be limited given "significant factual overlap" of additional claims with current claims).

In *Domingo v. L.A. County Sheriff's Department*, 2020 U.S. Dist. LEXIS 166936, at *13 (C.D. Cal. May 11, 2020), the court *granted* leave to amend and noted that "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15."

**B.      Plaintiff Has Not Unduly Delayed in Bringing this Motion for Leave to Amend**

The Court under this prong examines whether undue delay exists. "Although delay is not a dispositive factor in the amendment analysis, it is relevant, . . . especially when no reason is given for the delay[.]" *Lockheed Martin Corp. v. Network Solutions Inc.,* 194 F.3d 980, 986 (9th Cir. 1999).

Plaintiffs have not delayed and have brought this motion now partly because of this Court's recent Order re Arbitration in which the Court identified the California UCL claims as those which qualified as being made in the pursuit of the public benefit. Plaintiff would be remiss if it did not seek to include the California UCL as a cause of action.  Plaintiffs have

brought these claims now also because they provide additional support for the relief requested by Plaintiff in the form of targeted injunctive relief, restitution, divestiture and disgorgement.

None of Apple's and Google's delay-based arguments warrant denial of leave to file the proposed Second Amended Complaint, and the cases cited by Defendants on this point, and other cases where the amendment was denied, are distinguishable because those cases involved major changes in the theory of the case that would have significantly delayed the litigation and expanded the burdens of discovery.[4]

It is important to repeat that in *Tracht Gut, LLC v. L.A. County Treasurer & Tax Collector*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016)  the Court of Appeal held that "Undue delay alone cannot serve as the basis for the denial of leave to amend.").

## C.    Plaintiff Does Not Make This Motion in Bad Faith

Defendants argue that Plaintiff has acted in bad faith by waiting to bring its California claims until after the Court's decision on the Motion to Compel Arbitration and just prior to the upcoming hearing on Defendants' motions to dismiss  – and not at the start of the case. But in examining whether an amendment is sought in bad faith, the courts have ruled that, unless "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories" *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 881 (9th Cir. 1999) (reversing denial of leave to amend complaint where amendment was not "grounded in legal theories that

---

[4] *See, e.g., AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 953 (9th Cir. 2006) (plaintiff sought to alter nearly its entire theory of the case via amendment); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-89 (9th Cir. 1990) (amended complaint would require Defendant to re-litigate portion of prior state law claim); *Stein v. United Artists Corp*., 691 F.2d 885, 898 (9th Cir. 1982) (district court properly denied motion to amend submitted with motion for reconsideration after trial court granted dismissal motions); *Jordan v. County of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982), *judgment vacated on other grounds in County of Los Angeles v. Jordan*, 459 U.S. 810 (1982) ("proposed amendment raised substantial issues of state law not closely connected with the issues raised" and would require "extensive, costly discovery"; *Dream Marriage Grp., Inc. v. Anastasia Int'l, Inc*., 2012 U.S. Dist. LEXIS 105341, at *8-10 (C.D. Cal. July 23, 2012) (denying motion to amend to add defendants and extend discovery by nine months because increased time, expenses and resources to defend action would be prejudicial).

were baseless"), the motion is not made in bad faith. Courts typically find bad faith mainly where parties seek leave to add frivolous claims in order to avoid having the case dismissed. *Trans Video Electrics, Ltd v. Sony Electrics, Inc.*, 278 F.R.D. 505, 509-10 (N.D.Cal. 2011).

This condition does not exist here, and such motive is absent from this case. Plaintiff is not attempting to unnecessarily prolong this litigation. Far from it. Plaintiff has attempted at every turn to accelerate the pace of this litigation by seeking limited discovery and by requesting that Defendants comply with Rule 26(f), which they have refused to do, opting instead to ignore the Rules of Civil Procedure that provide for the early disclosure and exchange of factual information in favor of seeking to delay and stay the onset of discovery and ultimately the resolution of this case. Plaintiff has gone to great lengths to propel this case, even seeking mandamus to the Ninth Circuit to lift the stay, which petition was denied in June of this year.

This case will not be prolonged by an amendment. The case is still in its infancy and has not approached trial, nor even summary judgment. There has been no discovery. As a result, there has been nothing to delay.

This is not a situation where Defendants "would be prejudiced because, in the absence of an amendment, this case would be over because the Court granted its motion for summary judgment." *Trans Video Electrics, Ltd. v. Sony Electrics, Inc*., 278 F.R.D. 505, 509-510 (N.D. Cal. 2011) (finding bad faith where amendment was sought as "a last-ditch attempt to avoid the case being dismissed in its entirety"). *See also Albers v. Yarbrough World Sols., LLC*, 2020 U.S. Dist. LEXIS 190545, at *10 (N.D. Cal. Oct. 14, 2020) (granting leave to amend to add UCL claim based on state law claims that had not been previously dismissed).

If this amendment is not granted, the litigation will still proceed through its early stages against Apple. The requested amendment therefore is not meant to rectify what would otherwise be the termination of the entire case.

The fact that Plaintiff has determined to seek the inclusion of state ULC, Cartwright Act and common law claims, does not rise to the level of bad faith. Plaintiff did not delay in making this motion, but indeed has proceeded forward soon after the Court's ruling on August 12, 2022. The motion was filed in advance of the Court's ruling on the pending motions to dismiss so that the Court will have the benefit of the motion to amend as it considers the motions to dismiss and so that Defendants cannot claim that Plaintiff has attempted to sandbag the proceedings.

**D.      Plaintiff's Amendment Is Not a Result of Multiple Failures to Cure Defective Pleadings**

Under this prong, the Court considers whether Plaintiff's amendment is the result of "repeated failure to cure deficiencies by amendments previously allowed." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's proposed amendment simply seeks to include well-founded state law claims for the first time in response to the Court's recent Order identifying the Court's perceived deficiencies in the First Amended Complaint with regard that Complaint's allegations of "public benefit". In addition, and completely independent of the Court's recent Order, this amendment is sought so that Plaintiff can augment and preserve additional state law remedies for disgorgement and restitution based upon California causes of action.

Defendants' criticism of Plaintiff's so-called delay is that Plaintiff should have raised its state law claims at the time it filed its original complaint, or at the time it filed its amendment as of right, instead of now, after this Court's ruling on the Motion to Compel Arbitration. This argument ignores the fact that it has always been Plaintiff's position that

Plaintiff had adequately alleged the existence of "public benefit" relief - which Plaintiff conceived was the primary factor in deciding the issue of arbitration preclusion - both in its original complaint and in its first amended complaint.  Plaintiff did not see the need at the outset of these proceedings to include California claims since the Sherman Act itself has always been viewed as a vehicle for private plaintiffs to enforce the antitrust laws for the public benefit.  (Please see cases cited at pages 6 and 7 of Plaintiff's Opening Memorandum [ECF 90-1])  Plaintiff did not see the nexus found by the Court in tying the public benefit analysis exclusively to California claims under the UCL.

While ultimately deciding that "public benefit" issue unfavorably to Plaintiff, the Court nevertheless described in its ruling how an amendment stating a claim under the California UCL, if not the Cartwright Act, may change the equation when it said in effect that only the UCL would "authorize the distinct kind of public injunctive relief addressed in *McGill*." Order dated August 12, 2022 at p.7, line 21 [ECF 86] Emphasis Added). .

As a result, instructed by this Court's ruling, Plaintiff now seeks to amend its complaint to remedy this deficiency and to premise its existing requests for public injunctive relief on the California statute recognized by the Court as authorizing public injunctive relief, the UCL.  Since Plaintiff qualifies as a UCL Plaintiff (Section F, 2 below) and its claim is not futile, it should be permitted to state that claim against both Google and Apple.

**E.      Plaintiff's Amendment is Not Futile**

Both Apple and Google ignore the well-settled rule that an amendment to add new claims is futile only if "it appears beyond doubt" that the claims sought to be added would be dismissed for failure to state a claim. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987).

The Court must be satisfied that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646,656 (9th Cir. 2017). The party opposing leave to amend "bear[s] a particularly heavy burden" identical to the one governing 12(b)(6) motions. *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C-06-3359- JF-RS, 2009 WL 667171 at *2 (N.D. Cal. Mar. 10, 2009). Even claims or defenses with a "tenuous basis in the record" or those "fraught with contradictions" will survive the futility inquiry. *Id.*

        1.    <u>The Cartwright Act</u>

In California, the Cartwright Act mirrors the federal antitrust laws.  Cases that are used to interpret the Sherman Act are also used to inform the claims under the California Cartwright Act, Cal. Bus. & Prof. Code Section 16720.  In *Corwin v. Los Angeles Newspaper Service Bureau, Inc.*,  4 Cal.3d 842 at 852 (1971), the California Supreme Court held that:

> "Sections 16720 and 16726 of the Cartwright Act were patterned after the Sherman Act (15 U.S.C. § 1 et seq.) and decisions under the latter act are applicable to the former. (*Chicago Title Ins. Co.* v. *Great Western Financial Corp.*(1968) 69 Cal.2d 305, 315 [70 Cal. Rptr. 849, 444 P.2d 481].) . . . Hence, federal decisions interpreting section 3 are applicable to section 16727. (69 Cal.2d 305, 315.)"

The Defendants' Motions to Dismiss Plaintiff's Sherman Act claims have been fully briefed and are pending hearing before the Court on October 18, 2022.  The viability of the Plaintiff's Cartwright Act claims will depend on the outcome of that motion to dismiss.  As a result, it is premature for Defendant's to argue that Plaintiff's amendment to state a Cartwright Act claim is futile since there has been no ruling on the viability of Plaintiff's Sherman Act claims at this time.

        2.    <u>The UCL Claim</u>

California's consumer protection statue prohibits unfair competition, which is defined to "mean and include any unlawful, unfair, or fraudulent business act or practice."  Cal. Bus.

& Prof. Code Section 17200.  Allegations of anticompetitive conduct that are sufficient to plead antirust claims are sufficient to state a claim under the consumer protection statute.  *Hall v. Time, Inc.*, 158 Cal.App. 4th 847 (2008).

More to the point, the law in California is that if a plaintiff sufficiently alleges a Cartwright Act claim, then the unlawful prong of 17200 is sufficiently alleged at the pleading stage.  The relatively recent case that stands for this proposition is *Greencycle Paint, Inc. v. Paintcare, Inc.,* 250 F. Supp.3d (N.D. Cal. 2017).

     3.    <u>Common Law Claim of Unjust Enrichment</u>

In this Court's recent opinion in *Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 810 (N.D. Cal. 2020) (Gilliam, J.) the Court found that "[t]o allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense."

In *Meister v. Mensinger*, 230 Cal.App.4th 381 at 398-399 (2014) the California Court of Appeals found that a claim unjust enrichment is made where one person receives a benefit at the other's expense and "[t]he person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it."  The Court went on to describe how the remedy for unjust enrichment includes restitution and/or disgorgement since the purpose of the cause of action is "to eliminate the possibility of profit from conscious wrongdoing".

Plaintiff has alleged in its proposed complaint that, unlike the plaintiff in *Vallarta*, the compensation paid to Defendant in this case was and "unjustly retained a benefit at the plaintiff's expense" and "otherwise illegal."

**III.  CONCLUSION**

Based upon the balancing under Federal Rule of Civil Procedure 15, the motion to amend should be granted. Plaintiff therefore respectfully requests that the Court grant Plaintiff's motion for leave to file its Second Amended Complaint.

Dated:  September 30, 2022                    ALIOTO LAW FIRM

                                        By: */s/ Joseph M. Alioto*
                                            Joseph M. Alioto (SBN 42680)
                                            Tatiana V. Wallace (SBN 233939)
                                            One Sansome Street, Suite 3500
                                            San Francisco, CA  94104
                                            Telephone: (415) 434-8900
                                            Attorneys for Plaintiffs

ADDITIONAL PLAINTIFFS COUNSEL:

Lawrence G. Papale (SBN 67068)
LAW OFFICES OF LAWRENCE G.
PAPALE
1308 Main Street, Suite 117
St. Helena, CA 94574
Telephone: (707) 963-1704
Email: lgpapale@papalelaw.com

Robert J. Bonsignore (SBN
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

Theresa D. Moore (SBN 99978)
LAW OFFICE OF THERESA D. MOORE PC
One Sansome Street, 35th Floor
San Francisco, CA 94104
Phone: (415) 613-1414
tmoore@aliotolaw.com

Josephine Alioto (SNB 282989)
THE VEEN FIRM
20 Haight Street
San Francisco CA 94102
Telephone: (415) 673-4800
Email: jalioto@veenfirm.com

Christopher A Nedeau (SBN 81297)
NEDEAU LAW PC
154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

Lingel H. Winters, Esq. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
388 Market St. Suite 1300
San Francisco, California 94111
Telephone: (415) 398-2941
Email: sawmill2@aol.com

Jeffrey K. Perkins (SBN 57996)
LAW OFFICES OF JEFFREY K. PERKINS
1550-G Tiburon Boulevard, #344
Tiburon, California 94920
Telephone: (415) 302-1115
Email: jeffreykperkins@aol.com