1   Joseph M. Alioto, Esq. (SBN 42680)
    Tatiana V. Wallace, Esq. (SBN 233939)
2   Angelia Alioto-Grace (SBN 206899)
    ALIOTO LAW FIRM
3   One Sansome Street, Suite 3500
    San Francisco, CA 94104
4   Telephone: (415) 434-8900
    Email: jmalioto@aliotolaw.com
5

6   *Attorneys for Plaintiff California Crane
    School, Inc.*
7
    (Additional counsel listed on signature page)
8

Jack P. DiCanio (CA State Bar No. 138752)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4660
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com

Steven C. Sunshine (*pro hac vice*)
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com
Email: julia.york@skadden.com

*Attorneys for Defendants Apple Inc. and Tim
Cook*

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, ALPHABET INC., XXVI HOLDINGS INC., APPLE INC., TIM COOK, SUNDAR PICHAI, and ERIC SCHMIDT,<br><br>Defendants. | Case No. 3:21-cv-10001-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Araceli Martínez-Olguín<br><br>Complaint Filed: December 27, 2021 |

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to Civil Local Rule 16-9 and the January 17, 2023 Standing Order for All Judges of the Northern District of California on Contents of Joint Case Management Statement, Plaintiff California Crane School, Inc., ("Plaintiff") and Defendants Apple Inc. and Tim Cook ("Defendants" or the "Apple Defendants"), hereby submit the following joint case management statement.

### 1.   Jurisdiction and Service

This Court has subject matter jurisdiction over the federal antitrust claims alleged in Counts One and Two under 28 U.S.C. § 1331 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.  No issues exist regarding personal jurisdiction or venue, and no defendants remain unserved.

### 2.   Facts

#### a.   Plaintiff's Statement

This is a private antitrust action, brought under Sections 4 and 16 of the Clayton Antitrust Act and filed on behalf of advertisers.  Plaintiff seeks damages and injunctive relief, including divestiture and disgorgement.

Plaintiff charges that the Defendants, Google and Apple, have agreed to divide the markets for both search and search advertising.  In particular, Plaintiff charges that Apple has agreed not to enter the search market and not to engage in search advertising in exchange for the payment by Google to Apple of billions of dollars in profits being generated by Google in its search advertising business.  Apple does nothing for these billions except to permit Google to be the default search engine on its computers, iPhones and mobile devices – and, of course, to agree with Google not to enter the search market and not to compete with Google for search advertising.

Defendant Google has ninety-four percent (94%) of the search market by devices and eighty-nine percent (89%) of the search market by computers.  Fifty percent (50%) of searches is done on Apple devices.  In short, Google has a monopoly in the search market and Apple has handed Google its monopoly in exchange for agreeing to stay out of the search advertising market and, in turn, being handsomely compensated by Google,

The Defendants' division of the market is a violation of the antitrust laws of the United States. *See Palmer v. BRG of Georgia, Inc*., 498 U.S. 46 (1990).  Defendants Google and Apple

share revenue and profits.   Profit sharing is *per se* illegal under the antitrust laws of the United States. *See Citizen Publishing Company v. United States*, 394 U.S. 131 (1969).

The top executives of the Defendants, including Defendants Tim Cook, Sundar Pichai and Eric Schmidt, all had private meetings in which these agreements were formed and executed.  A top Apple executive stated to his counterpart at Google that the reason for their companies' agreements was because they envision the two companies to be "one company."  In addition, the CEO of Google said, we are "merging without having to merge."

Since Google has ninety percent (90%) of the market and has taken steps to maintain its dominant position in the market with the help of Apple, Google has the power to exclude competition and fix prices in violation of the U.S. antitrust laws. *See United States v. Aluminum Co. of America (Alcoa)*, 377 U.S. 271 (1964); *United States v. American Tobacco Co*., 221 U.S. 106 (1911); *Continental Ore Co. v. Union Carbide Corp*., 370 U.S. 690 (1962).

Many of the allegations in Plaintiff's Complaint have been admitted by Google in Google's Answer to the Government's Complaint in the proceedings filed in *United States v. Google*, Case No. 1:20-cv-03010-APM (DC 2020).

**b.  Defendants' Statement**

Since 2005, Apple and Google have entered into a series of publicly reported agreements under which Apple integrated Google's general internet search engine into Apple's Safari web browser in return for a share of Google's advertising revenue generated by searches on the Google search engine by Safari users.  The deal did not require Google to be the exclusive search provider available on Apple products or even the only search engine promoted by Apple in Safari.  As part of the agreement, Apple set Google as the pre-set default search provider in Safari in the United States because Google offered the highest quality results.  This type of vertical agreement between search provider and web browser companies is common in the industry, and the Google–Apple agreement has been widely reported for over 15 years.  Apple and Google executives have met periodically over the years as part of the ongoing working relationship created by these agreements.

Plaintiff is a crane operator certification company that purchased search engine advertisements on Google.  Second Am. Compl. ("SAC") ¶ 4, ECF No. 112.  It alleges that the

longstanding, publicly reported *vertical* agreement between Apple and Google reflected a separate, clandestine *horizontal* agreement under which Apple agreed with Google not to compete in providing search services.  *E.g.*, *id.* ¶¶ 12, 18-19, 22-25.  The SAC asserts that company executives hatched this conspiracy during secret meetings at Google's headquarters, a mall café, Steve Jobs's living room, and restaurants.  *Id.* ¶¶ 155, 157, 181-85.  At the same time, Plaintiff alleges that company executives brazenly admitted the conspiracy through public comments, such as when former Google CEO Eric Schmidt joked to an audience many years ago at the launch of the iPhone: "If we just sort of merged the companies, we could just call them AppleGoo."  *Id.* ¶ 153.

Plaintiff sued the Apple Defendants—as well as Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt (the "Google Defendants")—on December 27, 2021, *see* Compl., ECF No. 1, and pursues claims on behalf of itself and a proposed class of "consumers and businesses who paid Google to place advertising on Google search in the United States since January 1, 2005," SAC ¶ 213.  The SAC theorizes that search advertising prices on Google were inflated because Apple refrained from building its own search engine and search advertising business based on its alleged non-compete agreement with Google, and it contends that agreement is: a *per se* violation of Section 1 of the Sherman Act; a conspiracy to monopolize in violation of Section 2 of the Sherman Act; and a violation of California state law under the Cartwright Act, the Unfair Competition Law, and the common law doctrine of Unjust Enrichment.  *Id.* ¶¶ 221-70.  On August 12, 2022, the Court stayed all claims against the Google Defendants pending the outcome of arbitration, pursuant to an arbitration agreement between Plaintiff and Google.  ECF No. 86.  The Court dismissed all of plaintiff's claims with leave to amend on March 31, 2023.  ECF No. 104.[1]

**3.  Legal Issues**

**a.  Plaintiff's Statement**

The Defendants, like almost all defendants in antitrust cases in the last few years, have taken

---

[1] Plaintiff's suggestion here that Google has "admitted" many of the allegations in this case in the Answer that Google filed responding to the Government's complaint in *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C.) is incorrect.  Plaintiff omits that the Government does not allege a horizontal conspiracy not to compete.  The Government's allegations (which Google vigorously disputes) include nothing about a conspiracy with Apple not to compete—the only theory alleged here.

the position that they will refuse any discovery until after the Court rules on the Defendants' initial motions to dismiss. The Defendants, however, have provided no declarations demonstrating good cause pursuant to Rule 26. In every major antitrust case in at least the last decade, defendants' tactic runs contrary to the rules of civil procedure, and only serves to delay.

In addition, Plaintiff recently learned that Defendant Google engaged in an egregious pattern of evidence destruction.  In *United States v. Google*, Case No. 1:20-cv-03010-APM (DC 2020), the DOJ motion for sanctions for spoliation of evidence against Google in the District of Columbia is currently awaiting Judge Amit P. Mehta's ruling.  In a parallel MDL proceeding in the Northern District of California, *In Re Google Play Store Antitrust Litigation*, Case No. 21-md-02981-JD, the consumer plaintiffs, the Attorneys General of 38 states and the District of Columbia, and the Match Group plaintiffs all sought sanctions against Google over the same issue--the automatic deletion of "history off" Google chats and Google's employees' systematic use of "history off" chats for discussions involving allegedly anticompetitive behavior.  On March 28, 2023, Judge Donato found that by failing to save chat messages, Google intended to subvert the discovery process, and that Google's chat evidence was lost with the intent to prevent its use in litigation and with the intent to deprive California of the evidence.  Google "fell strikingly short" in its duties to preserve records and the court concluded that Google was responsible for spoliation of evidence and imposed sanctions and a possible penalty at trial, while noting that Google's lawyers had lied. *See In Re Google Play Store Antitrust Litigation*, Case No. 21-md-02981-JD, Dkt. No. 386.  Plaintiff is concerned that evidence in this case may have been lost.

**b.  Defendants' Statement**

Plaintiff and Defendants currently dispute the following legal issues:

- Whether the SAC states a claim under Section 1 of the Sherman Act;

- Whether the SAC states a claim under Section 2 of the Sherman Act;

- Whether the SAC pleads antitrust standing;

- Whether the SAC states a claim under California's Cartwright Act;

- Whether the SAC states a claim under California's Unfair Competition Law;

- Whether the SAC states a California state law claim for Unjust Enrichment;

- Whether the SAC states claims against Defendant Cook in his individual capacity;
- Whether the statute of limitations bars claims for damages predating December 27, 2017;
- Whether Plaintiff is authorized to seek disgorgement and public injunctive relief.

Defendants anticipate filing a motion to dismiss Plaintiff's SAC that sets forth these and any other disputed legal issues regarding the SAC on or before June 23, 2023.  Defendants object to Plaintiff's improper inclusion of almost a page of information in this section seeking to relitigate a discovery stay that the Court has already imposed, *see* ECF No. 61; ECF No. 104 at 12 n.10, and to describe a discovery issue in a separate case that concerns only the Google Defendants—in apparent disregard not only of the discovery stay in this case, but also of the Court's decision to stay all claims against the Google Defendants in favor of arbitration, *see* ECF No. 86.

### 4.  Motions

#### a.  Plaintiff's Statement

On August 12, 2022, the Court granted Google's motion to compel arbitration and stayed the first amended complaint against Google, specifically retaining jurisdiction pending arbitration. (ECF 86)  On September 9, 2022, Plaintiff filed a motion to amend the first amended complaint (ECF 90) – which both Google and Apple opposed (ECF 95,96) – in order to allege claims for public benefit that will remove the action from arbitration.

On March 31, 2023, the Court granted Apple's motion to dismiss with leave to amend (ECF 104) but did not rule on Plaintiff's then pending motion to amend, ruling that the motion to amend was moot in light of the Court's order permitting Plaintiff to file a Second Amended Complaint.

On May 26, 2023 Plaintiff filed its Second Amended Complaint (ECF 112) refining its claims against Apple and alleging claims against Google that are excluded from arbitration.

#### b.  Defendants' Statement

On March 18, 2022, the Google Defendants filed a motion to compel arbitration.  ECF. No. 32.  The Court granted the Google Defendants' motion on August 12, 2022 and stayed all claims against them pending the outcome of any arbitration.  ECF No. 86.

On March 18, 2022, the Apple Defendants filed a motion to stay this litigation pending any arbitration of Plaintiff's claims against the Google Defendants.  ECF No. 34.  The Court denied the

Apple Defendants' motion on August 12, 2022.  ECF No. 86.

On March 18, 2022, Defendants filed a motion to stay discovery.  ECF No. 35.  On April 28, 2022, the Court granted Defendants' motion to stay discovery.  ECF No. 61.  The Court has since ordered that the discovery stay would "remain[] in place unless and until the Court finds that Plaintiff has stated a claim."  ECF No. 104 at 12 n.10.

On April 12, 2022, Defendants filed a motion to dismiss.  ECF No. 51.  The Court granted Defendants' motion, with leave for Plaintiff to amend, on March 31, 2023.  ECF No. 104.

Defendants anticipate filing a motion to dismiss Plaintiff's SAC on or before June 23, 2023, consistent with the Court's April 24, 2023 scheduling order.  *See* ECF No. 106.  Further motion practice, including motions for summary judgment, may become necessary if any portion of Plaintiff's case proceeds past the pleadings.

**5.  Amendment of Pleadings**

The Parties do not currently anticipate any further amendments to the pleadings.

**6.  Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  All Parties have assured the others that they have taken and agreed to continue such steps.  For Plaintiff's additional comments, please refer to Section 3(a) (Legal Issues, Plaintiff's Statement).

**7.  Disclosures**

The Court granted Defendants' motion to stay discovery on April 28, 2022, ECF No. 61, and a discovery stay "remains in place unless and until the Court finds that Plaintiff has stated a claim."  ECF No. 104 at 12 n.10.  Defendants have proposed promptly serving initial disclosures after the Court's rulings on Defendants' forthcoming motion to dismiss.  Plaintiff served its initial disclosures pursuant to Rule 26(f) on August 4, 2022, in compliance with the Federal Rules of Civil Procedure.

**8.  Discovery**

**a.  Discovery Taken to Date**

There has been no discovery taken to date.  Plaintiff served interrogatories and requests for

production on March 11, 2022, and Defendants served responses and objections on April 11, 2022. Plaintiff has also sent deposition notices for depositions of Tim Cook, Sundar Pichai, Eric Schmidt, and other employees of Google and Apple.  On April 28, 2022, the Court granted Defendants' motion to stay discovery.  ECF No. 61 at 3.  It has since ordered the stay would "remain[] in place unless and until [it] finds that Plaintiff has stated a claim."  ECF No. 104 at 12 n.10.

### b.   Scope of Anticipated Discovery and Proposed Limitations or Modifications of the Discovery Rules

#### i.   Plaintiffs' Statement

Plaintiff seeks limited deposition discovery, including the depositions of Defendants Cook, Pichai and Schmidt, regarding the secret meetings and agreements.  Plaintiff also seeks the identity and depositions of the Apple executive who envisioned Google and Apple to be "one company" and the individual executive of Google who said that Apple and Google were "merging without having to merge."  Plaintiff has served interrogatories directed at Google's billion dollar payments to Apple and requests for production of documents seeking the written contracts between Google and Apple.

Plaintiff respectfully submits that the production of the Apple-Google written agreement, together with the requested limited depositions, will aid this Court in the resolution of the Defendants' expected motion to dismiss.  In addition, the production of this written agreement may shorten the litigation altogether as it will substantiate Plaintiff's claims.

#### ii.   Defendants' Statement

Formal discovery plans may become appropriate if Plaintiff's SAC survives Defendants' forthcoming motion to dismiss, which may be dispositive of the entire case.  If any claims remain following the Court's decisions, Defendants expect this case to involve routine discovery that should not exceed the standard limits.

### c.   Proposed Discovery Plan, Stipulated e-Discovery, and Identified Discovery Disputes

#### i.   Plaintiff's Statement

Plaintiff opposes the entry of any Protective Order in this case on the ground that there has been no showing of good cause.

### ii. Defendants' Statement

As noted, formal discovery plans may become appropriate if the SAC survives Defendants' forthcoming motion to dismiss. Defendants intend to propose a formal discovery plan if the Court denies Defendants' motion. The scope of discovery would then be governed by a complaint that has survived preliminary motion practice. This course allows the Parties to understand what allegations, if any, will actually be at issue and therefore subject to discovery. The Parties have not discussed entering into a stipulated e-discovery order and do not have any pending discovery disputes.

### 9. Class Actions

Plaintiff asserts claims on behalf of a class. Defendants propose that Plaintiff should move for class certification within six months from the date Defendants file their answer(s). The Parties have reviewed the Procedural Guidance for Class Action Settlements.

### 10. Related Cases

#### a. Plaintiffs' Statement

On April 22, 2022, counsel for Plaintiff filed the case of *Arcell, et al. v. Google LLC, et al.*, 22-cv-02499-EJD (N.D. Cal.). Although Defendants here are the same as in the *Arcell* action, Plaintiffs in the *Arcell* case are users and consumers of Google and Apple's internet search services. In addition there are several unique issues in the *California Crane* action that are not present in the *Arcell* case.

#### b. Defendants' Statement

On April 22, 2022, counsel for Plaintiff filed a similar action in the Northern District of California. *See Arcell, et al. v. Google LLC, et al.*, 22-cv-02499-EJD (N.D. Cal.). That case concerns a different group of plaintiffs asserting the same Sherman Act claims Plaintiff asserts here against the same defendants based on the same alleged conduct and seeking nearly the same relief. When filing the *Arcell* case, Plaintiff's counsel noticed the cases as "related" in the civil cover sheet. Defendants accordingly filed an administrative motion to consider whether the cases should be related, ECF No. 69, which Plaintiff opposed, ECF No. 70, and the Court denied, ECF No. 71. There is a motion to dismiss pending in the *Arcell* case. Mot. to Dismiss, *Arcell*, 22-cv-02499-EJD (N.D Cal. filed June 24, 2022), ECF No. 25, which the Court is scheduled to hear on June 8, 2023.

Discovery in the *Arcell* action is stayed, and a case management conference will not be held until the Court has resolved the pending motion to dismiss.

**11. Relief**

Plaintiff seek damages for advertising overcharges, injunctive relief, disgorgement and restitution of the illegal payments made by Google to Apple, as well as divestiture of both Google and Apple into separate and independent companies to reestablish competition in general the search and general search advertising business.

Defendants dispute that they are liable to Plaintiff for any damages or other relief. If liability is established, damages expert(s) would likely be required to calculate damages, if any.

**12. Settlement and ADR**

The Parties have complied with ADR Local Rule 3-5. No formal ADR has taken place. The Parties will explore the possibility of private mediation if any claims remain after the Court's decision on Defendants' forthcoming motion to dismiss the SAC.

**13. Other References**

The Parties agree that this case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The Parties have not agreed on any issues that can be narrowed. Defendants expect to file a motion to dismiss, which may narrow the issues. The Parties may file at a later date one or more motions for summary judgment, or other dispositive motions, seeking to narrow the issues.

**15. Expedited Trial Procedure**

Plaintiff believes that this case may be supervised by the court on an expedited basis since discovery is not document-heavy (as it usually is in many, more routine antitrust cases) and since Plaintiff has proposed a plan to effect discovery efficiently.

Defendants do not believe that this case is suitable for handling on an expedited basis.

**16. Scheduling**

 **a. Plaintiff's Statement**

Plaintiff seeks a trial date.

**b. Defendants' Statement**

Defendants propose the following schedule if any of Plaintiff's claims remain after the Court's decision on Defendants' forthcoming motion to dismiss the SAC:

- Answer: Within 45 days of the Court's ruling on the Motion to Dismiss
- Motion for Class Certification: 6 months after Defendants' Answer
- Close of Fact Discovery: 12 months after Court's ruling on the Motion to Dismiss
- Affirmative Expert Disclosures: 13 months after Court's ruling on the Motion to Dismiss
- Rebuttal Expert Disclosures: 15 months after Court's ruling on the Motion to Dismiss
- Close of Expert Discovery: 17 months after Court's ruling on the Motion to Dismiss
- Dispositive Briefs Due: 2 months after the close of expert discovery
- Pretrial Conference: 3 months after Court's ruling on dispositive motions
- Trial: 6 weeks after the Pretrial Conference

**17. Trial**

Plaintiff has demanded a trial by jury under Federal Rule of Civil Procedure 38(b).  Plaintiffs believe this case can be ready for trial in 6 months and that trial will take a maximum of two weeks.

Defendants believe it is premature to estimate a trial timeline without knowing the scope of Plaintiff's claims or the existence of any class.

**18. Disclosure of Non-party Interested Entities or Persons**

Plaintiff California Crane School, Inc. disclosed that it has no parent company and no publicly held company owns 10 percent or more of its stock.  It also disclosed as an interested party John Nypl, who owns 100% of California Crane School, Inc.  *See* ECF No. 18.

Defendant Apple Inc. disclosed that it has no parent corporation and no publicly held company owns 10 percent or more of its stock.  *See* ECF No. 21.

**19. Professional Conduct**

Undersigned counsel certifies that all attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other**

The Parties are not aware of other matters that may facilitate the resolution of this matter.

1    DATED:  May 31, 2023

2    By: /s/   *Lawrence G. Papale*

3    Joseph M. Alioto, Esq. (SBN 42680)          Lawrence G. Papale (SBN 67068)
4    Tatiana V. Wallace, Esq. (SBN 233939)       LAW OFFICE OF LAWRENCE G. PAPALE
     Angelia Alioto-Grace (SBN 206899)           1308 Main Street, Suite 117
5    ALIOTO LAW FIRM                             St. Helena, CA 94574
     One Sansome Street, Suite 3500              Telephone: (707) 963-1704
6    San Francisco, CA 94104                     Email: lgpapale@papale.com
     Telephone: (415) 434-8900
7    Email: jmalioto@aliotolaw.com

8    Josephine Alioto (SBN 282989)               Robert J. Bonsignore, Esq.
9    THE VEEN FIRM                               BONSIGNORE TRIAL LAWYERS, PLLC
     20 Haight Street                            23 Forest Street
10   San Francisco, CA 94102                     Medford, MA 02155
     Telephone: (415) 673-4800                   Phone: 781-856-7650
11   Email: j.alioto@veenfirm.com                Email: rbonsignore@classactions.us

12   Theresa Moore                               Melanie Ann Porter
13   LAW OFFICES OF THERESA D. MOORE             Bonsignore Trial Lawyers PLLC
     One Sansome Street, 35th Floor              23 Forest Street
14   San Francisco, CA 94104                     Medford, MA 02155
     Phone: (415) 613-1414                       Phone: (781) 350-0000
15   tmore@aliotolaw.com                         Email: melanie@classactions.us

16   Lingel H. Winters, Esq. (SBN 37759)         Christopher A. Nedeau (SBN 81297)
17   LAW OFFICES OF LINGEL H. WINTERS            NEDEAU LAW PC
     388 Market St. Suite 1300                   154 Baker Street
18   San Francisco, California 94111             San Francisco, CA 94117-2111
     Telephone: (415) 398-2941                   Telephone: (415) 516-4010
19   Email: sawmill2@aol.com                     Email: cnedeau@nedeaulaw.net

20   Jeffrey K. Perkins (SBN 57996)
21   LAW OFFICES OF JEFFREY K. PERKINS
     1550-G Tiburon Boulevard, #344
22   Tiburon, California 94920
     Telephone: (415) 302-1115
23   Email: jeffreykperkins@aol.com

24   *Attorneys for Plaintiff California Crane School,*
25   *Inc.*

26   By: /s/   *Steven C. Sunshine*

27   Steven C. Sunshine (*pro hac vice*)          Jack P. DiCanio (SBN 138752)
28   Julia K. York (*pro hac vice*)

- 11 -

1  SKADDEN, ARPS, SLATE, MEAGHER          SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP                              & FLOM LLP
2  1440 New York Avenue, N.W.              525 University Avenue
3  Washington, DC 20005-2111               Palo Alto, CA 94301
   Telephone: (202) 371-7000               Telephone: (650) 470-4660
4  Facsimile: (202) 393-5760               Facsimile: (213) 621-5430
   Email: steven.sunshine@skadden.com      Email: jack.dicanio@skadden.com
5  Email: julia.york@skadden.com

6  Karen Hoffman Lent (*pro hac vice*)
7  Michael A. Lanci (*pro hac vice*)
   SKADDEN, ARPS, SLATE, MEAGHER
8  & FLOM LLP
   One Manhattan West
9  New York, NY 10001
   Telephone: (212) 735-3000
10 Facsimile: (212) 735-2000
   Email: karen.lent@skadden.com
11 Email: michael.lanci@skadden.com

12
   *Attorneys for Defendants Apple Inc. and Tim*
13 *Cook*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SIGNATURE ATTESTATION**

2          I, Steven C. Sunshine, am the ECF User whose ID and password are being used to file this

3 document. In compliance with Civil Local Rule 5-1, I hereby attest that all counsel whose e-

4 signatures (/s/) appear on this document concurred in this filing.

5

6 DATED: May 31, 2023                                        By: /s/ *Steven C. Sunshine*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28