| | |
|---|---|
| Joseph M. Alioto, Esq. (SBN 42680)<br>Tatiana V. Wallace, Esq. (SBN 233939)<br>Angelia Alioto-Grace (SBN 206899)<br>ALIOTO LAW FIRM<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104<br>Telephone: (415) 434-8900<br>Email: jmalioto@aliotolaw.com<br><br>*Attorneys for Plaintiff California Crane School, Inc.*<br><br>(Additional counsel listed on signature page) | Steven C. Sunshine (*pro hac vice*)<br>Julia K. York (*pro hac vice*)<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, DC 20005-2111<br>Telephone: (202) 371-7000<br>Facsimile: (202) 393-5760<br>Email: steven.sunshine@skadden.com<br>Email: julia.york@skadden.com<br><br>*Attorneys for Defendants Apple Inc. and Tim Cook*<br><br>(Additional counsel listed on signature page)<br><br>John E. Schmidtlein (SBN 163520)<br>Carol J. Pruski (SBN 275953)<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue, S.W.<br>Washington, DC 20024<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br>Email: jschmidtlein@wc.com<br>Email: cpruski@wc.com<br><br>*Attorneys for Defendants Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, ALPHABET INC., XXVI HOLDINGS INC., APPLE INC., TIM COOK, SUNDAR PICHAI, and ERIC SCHMIDT,<br><br>Defendants. | Case No. 5:21-cv-10001-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. P. Casey Pitts<br><br>Complaint Filed: December 27, 2021 |

Pursuant to Civil Local Rule 16-9, the January 17, 2023 Standing Order for All Judges of the Northern District of California on Contents of Joint Case Management Statement, and the Court's Order Reassigning Case dated August 18, 2023, ECF No. 121, Plaintiff California Crane School, Inc., Defendants Google LLC, Alphabet Inc., XXVI Holdings, Inc., Sundar Pichai, and Eric Schmidt (the "Google Defendants"), and Defendants Apple Inc. and Tim Cook (the "Apple Defendants"), hereby submit the following joint case management statement.

## 1. Jurisdiction and Service

### a. Plaintiff's Statement

The plaintiff brings this suit under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26, alleging violations of Sections 1 and 2 of the Sherman Act for damages and injunctive relief, including disgorgement. No Defendants remain to be served.

### b. Defendants' Statement

The Court granted the Google Defendants' motion to compel arbitration on August 12, 2022. Plaintiff did not seek arbitration. The Google Defendants filed a renewed motion to compel arbitration on June 23, 2023, after Plaintiff's Second Amended Complaint ("SAC") again named the Google Defendants as defendants. The Apple Defendants do not dispute subject matter jurisdiction. No issues exist regarding personal jurisdiction or venue, and no Defendants remain to be served.

## 2. Facts

### a. Plaintiff's Statement

Google's "Code Red" concern that Apple may compete in the search business against Google impelled Google to agree to pay Apple billions of dollars a year and to share its search revenue with Apple if Apple would agree to stay out of the search business. Apple in turn did agree to stay out of the search business and in addition granted Google preferential treatment as its default browser on all of Apple's products. The agreement between Google and Apple for Apple to stay out of the search market is a division of markets which is a *per se* violation of Section 1 and 2 of the Sherman Act. *See Palmer v. BRG of Georgia, Inc.*, 498 U.S. 46 (1990). The agreement to share search revenue is also a *per se* violation Sections 1 and 2 of the Sherman Act. *See Citizen Publishing Company v. United States*, 394 U.S. 131 (1969). The CEO's of Apple and Google met regularly to

reconfirm and implement their unlawful agreements. *See C-O-Two Fire Equipment, Co. v. United States*, 197 Fed.2d 489 (9th Cir. 1952).

Google commands ninety-four percent (94%) of the search market by devices and eighty-nine percent (89%) of the search market by computers. Fifty percent (50%) of all searches are done on Apple devices. In short, Google has a monopoly in the search market and Apple has abetted that monopoly in exchange for its agreement to stay out of search advertising but, in turn, be compensated by Google for doing so. Apple told Google: "Our vision is that we work as if we are one company." Google's CEO said "you can actually merge without merging"

Since Google has ninety percent (90%) of the market and has taken steps to maintain its dominant position with the help of Apple, Google has the power to exclude competition and fix prices in violation of the antitrust laws. *See United States v. Aluminum Co. of America (Alcoa)*, 377 U.S. 271 (1964). Apple is a potential horizontal competitor to Google. *United States v. American Tobacco Co.*, 221 U.S. 106 (1911). Many of the allegations in Plaintiff's Amended Complaint have been admitted by Google in Google's Answer to the Government's Complaint in *United States v. Google*, Case No. 1:20-cv-03010-APM (DC 2020) which soon be tried before Judge Mehta in DC.

**b. Defendants' Statement**

Since 2005, Apple and Google have entered into a series of publicly reported agreements under which Apple integrated Google's general internet search engine into Apple's Safari web browser in return for a share of Google's advertising revenue generated by searches on the Google search engine by Safari users. The deal did not require Google to be the exclusive search provider available on Apple products or even the only search engine promoted by Apple in Safari. As part of the agreement, Apple set Google as the pre-set default search provider in Safari in the United States because Google offered the highest quality results. This type of vertical agreement between search provider and web browser companies is common in the industry, and the Google–Apple agreement has been widely reported for over 15 years. Apple and Google executives have met periodically over the years as part of the ongoing working relationship created by these agreements.

Plaintiff is a crane operator certification company that purchased search engine advertisements on Google. SAC ¶ 4, ECF No. 112. It alleges that the longstanding, publicly reported

- 2 -

.

*vertical* agreement between Apple and Google reflected a separate, clandestine *horizontal* agreement under which Apple agreed with Google not to compete in providing search services. *E.g.*, *id.* ¶¶ 12, 18-19, 22-25. The SAC asserts that company executives hatched this conspiracy during secret meetings at Google's headquarters, a mall café, Steve Jobs's living room, and restaurants. *Id.* ¶¶ 155, 157, 181-85. At the same time, Plaintiff alleges that company executives brazenly admitted the conspiracy through public comments, such as when former Google CEO Eric Schmidt joked to an audience many years ago at the launch of the iPhone: "If we just sort of merged the companies, we could just call them AppleGoo." *Id.* ¶ 153.[1]

Plaintiff sued Defendants on December 27, 2021, *see* Compl., ECF No. 1, and pursues claims for itself and a proposed class of "consumers and businesses who paid Google to place advertising on Google search in the United States since January 1, 2005," SAC ¶ 213. The SAC theorizes that search advertising prices on Google were inflated because Apple has not built its own search engine and search advertising business due to the alleged non-compete. It contends that the alleged agreement is: a *per se* violation of Sherman Act Section 1; a conspiracy to monopolize in violation of Sherman Act Section 2; and a violation of California state law under the Cartwright Act, the Unfair Competition Law, and the common law doctrine of Unjust Enrichment. *Id.* ¶¶ 221-70.

On August 12, 2022, the Court stayed all claims against the Google Defendants pending arbitration, pursuant to an arbitration agreement between Plaintiff and Google. ECF No. 86. It dismissed all Plaintiff's claims with leave to amend on March 31, 2023. ECF No. 104.

**3.   Legal Issues**

   **a.   Plaintiff's Statement**

(1) A division of markets is a *per se* violation of the antitrust laws. *Palmer v. BRG of Georgia, Inc.*, 498 U.S. 46 (1990). (2) The sharing of revenue is *per se* illegal, without regard for the excuse for its use. *Citizen Publishing Company v. United States*, 394 U.S. 131 (1969). (3) Whether Plaintiff

---

[1] Plaintiff's suggestion here that Google has "admitted" many of the allegations in this case in the Answer that Google filed responding to the Government's complaint in *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C.) is incorrect. Plaintiff omits that the Government does not allege a horizontal conspiracy not to compete. The Government's allegations (which Google vigorously disputes) include nothing about a conspiracy with Apple not to compete—the only theory alleged here.

paid more and received less for Google's products and therefore has been injured by reason of defendants' violations is a question of fact for the jury. *Continental Ore v. Union Carbide Corp.*, 370 U.S. 690 (1962). (4) The amount of damages is the reasonable estimate of damages. *Story Parchment Co. v. Patterson Paper Co.*, 282 U.S. 555 (1931); *Eastman Kodak Co. v. Southern Photo Co.*, 273 U.S. 359 (1927); *Pacific Whaling Co. v. Packers Assoc.*, 138 Cal. 632 (1903). (5) The "wrongdoer shall bear the risk of uncertainty which its wrong has created." *Bigelow v. RKO Pictures Inc*. 327 U.S. 251 (1946). (6) Plaintiff is entitled to disgorgement of profits. *TFT-LCD (Flat Panel) Antitrust Litig*., No. C 10-4346 SI, 2011 U.S. Dist. LEXIS 76562, 2011 WL 2790179, at *4 (Illston, N.D.Cal. July 12, 2011). (7) Defendants also violated the California UCL, Ca. Bus. & Prof. Code § 17200, et seq; Cartwright Act, Ca. Bus. & Prof. Code § 16700, and California common law.

In addition, Google has engaged in a pattern of evidence destruction. In an MDL proceeding in the Northern District of California, *In Re Google Play Store Antitrust Litigation*, Case No. 21-md-02981-JD, the Attorneys General of 38 states sought sanctions against Google for spoliation. Just this year Judge Donato found that " . . . Google falsely assured the court . . that it had 'taken appropriate steps to preserve all evidence relevant to the issues reasonably evident in this action' . . . but evidence at the hearing plainly established that this representation was not truthful." (*Id*. at Dkt. No. 386, p. 16). Plaintiff is concerned that evidence in this case may have been destroyed.

On August 4, 2023, Judge Mehta in *United States v. Google*, Case No. 1:20-cv-03010-APM (DC 2020) ruled that there are triable issues of fact regarding Google's monopoly which it had enhanced by its exclusionary Revenue Sharing Agreements and other agreements in which Google pays Apple billions of dollars per year to be the default search engine on Apple's phones and computers. Plaintiff has alleged the nearly identical facts in its Second Amended Complaint ("SAC") SAC ¶¶ 10-31, 53-87, 141-152, 230-240, 195-209.

Google's proven overwhelming bargaining power demonstrates that Plaintiff is exempt from arbitration under the Federal Arbitration under its "saving clause" 9 U.S.C. sec. 2. Plaintiff filed Judge Mehta's Memorandum Opinion in *United States v. Google* herein on August 16, 2023 as a Statement of Recent Decision. (Dkt. No. 120). Judge Mehta's Opinion denying Google's motion for summary judgment clearly demonstrates the plausibility of Plaintiff's claims.

- 4 -
JOINT CASE MANAGEMENT STATEMENT                                             Case No. 5:21-cv-10001-PCP

Trial in *U. S. v. Google,* is set for September 12, 2023. (D.C. Dkt. No. 610). Judgment for the DOJ would result in an estoppel between the parties herein under Section 5 of the Clayton Antitrust Act (15 USC §16). *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568 (1951).

### b. Defendants' Statement

Plaintiff and Defendants currently dispute the following legal issues:

- Whether the SAC states a claim under Section 1 of the Sherman Act;
- Whether the SAC states a claim under Section 2 of the Sherman Act;
- Whether the SAC pleads antitrust standing;
- Whether the SAC states a claim under California's Cartwright Act;
- Whether the SAC states a claim under California's Unfair Competition Law;
- Whether the SAC states a California state law claim for Unjust Enrichment;
- Whether the SAC states claims against the individual defendants;
- Whether the statute of limitations bars claims for damages predating December 27, 2017;
- Whether Plaintiff is authorized to seek disgorgement and public injunctive relief; and
- Whether the Court should again compel arbitration as to the Google Defendants.

Defendants object to Plaintiff's improper commentary in this section on irrelevant rulings in separate cases, including baseless accusations of "a pattern of evidence destruction"—while disregarding the Court's order staying all claims against the Google Defendants in favor of arbitration, *see* ECF No. 86. Defendants likewise choose not respond here to Plaintiff's assertion that "[j]udgment for the DOJ would result in an estoppel between the parties"—an argument not raised in the briefing on Defendants' Motion to Dismiss and disputed in any event.

### 4. Motions

### a. Plaintiff's Statement

On August 12, 2022, the Court granted Google's motion to compel arbitration and stayed the first amended complaint against Google, specifically retaining jurisdiction pending arbitration. (ECF 86) On September 9, 2022, Plaintiff filed a motion to amend the first amended complaint (ECF 90) – which both Google and Apple opposed (ECF 95, 96). On March 31, 2023, the Court granted

Apple's motion to dismiss with leave to amend (ECF 104). On May 26, 2023 Plaintiff filed its Second Amended Complaint (ECF 112) refining its claims against Apple and alleging claims against Google that are excluded from arbitration. In light of the intervening decision by Judge Mehta, Plaintiff has recently filed a motion for leave to file a Sur-Reply to Defendants' motions to dismiss and Google's renewed motion to compel arbitration setting forth Judge Mehta's Memorandum Opinion.

### b. Defendants' Statement

On March 18, 2022, the Google Defendants filed a motion to compel arbitration. ECF. No. 32. The Court granted the Google Defendants' motion on August 12, 2022, and stayed all claims against them pending the outcome of any arbitration. ECF No. 86.

On March 18, 2022, the Apple Defendants moved to stay the case pending arbitration against the Google Defendants, ECF No. 34, which the Court denied on August 12, 2022, ECF No. 86.

On March 18, 2022, Defendants filed a motion to stay discovery, ECF No. 35, which the Court granted on April 28, 2022, ECF No. 61. The Court since ordered that the stay would "remain[] in place unless and until the Court finds that Plaintiff has stated a claim." ECF No. 104 at 12 n.10.

On April 12, 2022, Defendants filed a motion to dismiss. ECF No. 51. The Court granted Defendants' motion, with leave for Plaintiff to amend, on March 31, 2023. ECF No. 104.

Defendants filed a motion to dismiss the SAC on June 23, 2023, ECF No. 115, which is fully briefed and scheduled to be heard November 30, 2023. Plaintiff moved for leave to file a sur-reply on September 6, 2023, ECF No. 127, which Defendants opposed on September 11, ECF No. 129.

The Google Defendants filed a renewed motion to compel arbitration on June 23, 2023, ECF No. 114, which is fully briefed and scheduled to be heard November 30, 2023. Plaintiff moved for leave to file a sur-reply on September 6, 2023, ECF No. 128, which Defendants opposed on September 11, ECF No. 130. Further motion practice may become necessary if any portion of Plaintiff's case proceeds past the pleadings.

### 5. Amendment of Pleadings

The Parties do not currently anticipate any further amendments to the pleadings.

### 6. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. All Parties have assured the others that they have taken and agreed to continue such steps. For Plaintiff's additional comments, please refer to Section 3(a) (Legal Issues, Plaintiff's Statement).

**7. Disclosures**

The Court granted Defendants' motion to stay discovery on April 28, 2022, ECF No. 61, and a discovery stay "remains in place unless and until the Court finds that Plaintiff has stated a claim." ECF No. 104 at 12 n.10. Defendants have proposed promptly serving initial disclosures after the Court's rulings on Defendants' motion to dismiss the SAC. Plaintiff served its initial disclosures pursuant to Rule 26(f) on August 4, 2022, in compliance with the Federal Rules of Civil Procedure.

**8. Discovery**

    **a. Discovery Taken to Date**

There has been no discovery taken to date. Plaintiff served interrogatories and requests for production on March 11, 2022, and Defendants served responses and objections on April 11, 2022. Plaintiff has also sent deposition notices for depositions of Tim Cook, Sundar Pichai, Eric Schmidt, and other employees of Google and Apple. On April 28, 2022, the Court granted Defendants' motion to stay discovery. ECF No. 61 at 3. It has since ordered the stay would "remain[] in place unless and until [it] finds that Plaintiff has stated a claim." ECF No. 104 at 12 n.10.

    **b. Scope of Anticipated Discovery and Proposed Limitations or Modifications of the Discovery Rules**

        **i. Plaintiffs' Statement**

Plaintiff seeks limited deposition discovery, including the depositions of Defendants Cook, Pichai and Schmidt, regarding the secret meetings and agreements. Plaintiff also seeks discovery from the Google and Apple executives who made the statements in paragraph 2(a) above. Plaintiff has served interrogatories directed at Google's billion dollar payments to Apple and has served requests for production of documents seeking the written contracts between Google and Apple.

        **ii. Defendants' Statement**

Formal discovery plans may become appropriate after the Court resolves Defendants' motion to dismiss the SAC. If any claims remain following the Court's decision, Defendants expect this case to involve routine discovery that should not exceed the standard limits.

### c. Proposed Discovery Plan, Stipulated e-Discovery, and Identified Discovery Disputes

#### i. Plaintiff's Statement

Plaintiff has sought the amount of Google payments made to Apple, and when and how they were made; Apple's profits from the revenue sharing; and the depositions of the defendants' executives previously noticed in April, 2022. Plaintiff opposes the entry of any Protective Order in this case on the ground that there has been no showing of good cause pursuant to Rule 26(c).

#### ii. Defendants' Statement

Defendants intend to propose a formal discovery plan if the Court denies Defendants' motion to dismiss. The scope of discovery would then be governed by a complaint that has survived preliminary motion practice. This course allows the Parties to understand what allegations, if any, will actually be at issue and therefore subject to discovery. The Parties have not discussed entering into a stipulated e-discovery order and do not have any pending discovery disputes.

## 9. Class Actions

Plaintiff asserts claims on behalf of a class. Defendants propose that Plaintiff should move for class certification within six months from the date Defendants file their answer(s), if that occurs. The Parties have reviewed the Procedural Guidance for Class Action Settlements.

## 10. Related Cases

### a. Plaintiffs' Statement

On April 22, 2022, counsel filed the case of *Arcell, et al. v. Google LLC, et al.*, 22-cv-02499-EJD (N.D. Cal.). Although Defendants here are the same as in the *Arcell* action, Plaintiffs in the *Arcell* case are users and consumers of Google and Apple's internet search services.

### b. Defendants' Statement

On April 22, 2022, Plaintiff's counsel filed a similar action in this District, *Arcell, et al. v. Google LLC, et al.*, 22-cv-02499-EJD (N.D. Cal.), in which a different group of plaintiffs asserts the

same Sherman Act claims Plaintiff asserts here, against the same defendants, and based on the same alleged conduct. Defendants filed an administrative motion raising whether the cases should be related, ECF No. 69, which Plaintiff opposed, ECF No. 70, and the Court denied, ECF No. 71. Judge Davila granted Defendants' motion to dismiss in *Arcell*, and the plaintiffs must file any amended complaint by September 18, 2023. *Arcell*, 22-cv-02499-EJD (N.D. Cal. Aug. 18, 2023), ECF Nos. 65–66. Discovery in *Arcell* is stayed, and there is no case management conference scheduled.

**11. Relief**

Plaintiff seeks damages for advertising overcharges, injunctive relief, disgorgement and restitution of the illegal payments made by Google to Apple, as well as divestiture.

Defendants dispute that they are liable to Plaintiff for any damages or other relief. If liability is established, damages expert(s) would likely be required to calculate damages, if any.

**12. Settlement and ADR**

The Parties have complied with ADR Local Rule 3-5. No formal ADR has taken place. Plaintiffs do not believe that mediation could be successful in this case.

**13. Other References**

This case is not suitable for reference to a special master or the Judicial Panel on MDLs.

**14. Narrowing of Issues**

The Parties have not agreed on any issues that can be narrowed. Defendants' pending motion to dismiss may narrow the issues. The Parties may file at a later date one or more motions for summary judgment, or other dispositive motions, seeking to narrow the issues.

**15. Expedited Trial Procedure**

Plaintiff believes that this case may be supervised by the court on an expedited basis since discovery is not document-heavy and since Plaintiff has proposed a plan to effect discovery efficiently. Defendants do not believe that this case is suitable for handling on an expedited basis.

**16. Scheduling**

    **a. Plaintiff's Statement**

Plaintiff seeks a trial date in February or March 2024.

    **b. Defendants' Statement**

Defendants propose the following schedule if any of Plaintiff's claims remain:

- <u>Answer</u>: Within 45 days of the Court's ruling on the Motion to Dismiss
- <u>Motion for Class Certification</u>: 6 months after Defendants' Answer
- <u>Close of Fact Discovery</u>: 12 months after Court's ruling on the Motion to Dismiss
- <u>Affirmative Expert Disclosures</u>: 13 months after Court's ruling on the Motion to Dismiss
- <u>Rebuttal Expert Disclosures</u>: 15 months after Court's ruling on the Motion to Dismiss
- <u>Close of Expert Discovery</u>: 17 months after Court's ruling on the Motion to Dismiss
- <u>Dispositive Briefs Due</u>: 2 months after the close of expert discovery
- <u>Pretrial Conference</u>: 3 months after Court's ruling on dispositive motions
- <u>Trial</u>: 6 weeks after the Pretrial Conference

**17. Trial**

Plaintiff has demanded a trial by jury under Federal Rule of Civil Procedure 38(b). Plaintiff believes this case can be ready for trial in 6 months and that trial will take a maximum of two weeks.

Defendants believe it is premature to estimate a trial timeline without knowing the scope of Plaintiff's claims or the existence of any class.

**18. Disclosure of Non-party Interested Entities or Persons**

California Crane School, Inc. disclosed that it has no parent company and no publicly held company owns 10 percent or more of its stock and that as an interested party John Nypl owns 100% of California Crane School, Inc. ECF No. 18. Google LLC, Alphabet Inc., and XXVI Holdings Inc. disclosed that Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company, and no publicly traded company holds 10 percent or more of Alphabet Inc.'s stock. ECF No. 16. Apple Inc. disclosed that it has no parent corporation and no publicly held company owns 10 percent or more of its stock. ECF No. 21.

**19. Professional Conduct**

Undersigned counsel certifies that all attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other**

The Parties are not aware of other matters that may facilitate the resolution of this matter.

DATED: September 11, 2023

By: /s/ *Lawrence G. Papale*

| | |
|---|---|
| Joseph M. Alioto, Esq. (SBN 42680)<br>Tatiana V. Wallace, Esq. (SBN 233939)<br>Angelia Alioto-Grace (SBN 206899)<br>ALIOTO LAW FIRM<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104<br>Telephone: (415) 434-8900<br>Email: jmalioto@aliotolaw.com | Lawrence G. Papale (SBN 67068)<br>LAW OFFICE OF LAWRENCE G. PAPALE<br>1308 Main Street, Suite 117<br>St. Helena, CA 94574<br>Telephone: (707) 963-1704<br>Email: lgpapale@papale.com |
| Josephine Alioto (SBN 282989)<br>THE VEEN FIRM<br>20 Haight Street<br>San Francisco, CA 94102<br>Telephone: (415) 673-4800<br>Email: j.alioto@veenfirm.com | Robert J. Bonsignore, Esq.<br>BONSIGNORE TRIAL LAWYERS, PLLC<br>23 Forest Street<br>Medford, MA 02155<br>Phone: 781-856-7650<br>Email: rbonsignore@classactions.us |
| Theresa Moore<br>LAW OFFICES OF THERESA D. MOORE<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Phone: (415) 613-1414<br>tmore@aliotolaw.com | Melanie Ann Porter<br>Bonsignore Trial Lawyers PLLC<br>23 Forest Street<br>Medford, MA 02155<br>Phone: (781) 350-0000<br>Email: melanie@classactions.us |
| Lingel H. Winters, Esq. (SBN 37759)<br>LAW OFFICES OF LINGEL H. WINTERS<br>388 Market St. Suite 1300<br>San Francisco, California 94111<br>Telephone: (415) 398-2941<br>Email: sawmill2@aol.com | Christopher A. Nedeau (SBN 81297)<br>NEDEAU LAW PC<br>154 Baker Street<br>San Francisco, CA 94117-2111<br>Telephone: (415) 516-4010<br>Email: cnedeau@nedeaulaw.net |

Jeffrey K. Perkins (SBN 57996)
LAW OFFICES OF JEFFREY K. PERKINS
1550-G Tiburon Boulevard, #344
Tiburon, California 94920
Telephone: (415) 302-1115
Email: jeffreykperkins@aol.com

*Attorneys for Plaintiff California Crane School, Inc.*

By: /s/ *Steven C. Sunshine*

| | |
|---|---|
| Steven C. Sunshine (*pro hac vice*)<br>Julia K. York (*pro hac vice*) | Jack P. DiCanio (SBN 138752) |

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, DC 20005-2111<br>Telephone: (202) 371-7000<br>Facsimile: (202) 393-5760<br>Email: steven.sunshine@skadden.com<br>Email: julia.york@skadden.com | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>525 University Avenue<br>Palo Alto, CA 94301<br>Telephone: (650) 470-4660<br>Facsimile: (213) 621-5430<br>Email: jack.dicanio@skadden.com |

Karen Hoffman Lent (*pro hac vice*)
Michael A. Lanci (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: karen.lent@skadden.com
Email: michael.lanci@skadden.com

*Attorneys for Defendants Apple Inc. and Tim Cook*

By: /s/ *John E. Schmidtlein*_____

John E. Schmidtlein (SBN 163520)
Carol J. Pruski (SBN 275953)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: cpruski@wc.com

*Attorneys for Defendants Google LLC, Alphabet Inc., XXVI Holdings Inc., Sundar Pichai, and Eric Schmidt*

**SIGNATURE ATTESTATION**

I, Steven C. Sunshine, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1, I hereby attest that all counsel whose e-signatures (/s/) appear on this document concurred in this filing.

DATED: September 11, 2023               By: /s/ *Steven C. Sunshine*