UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CRANE SCHOOL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>Defendants. | Case No. 21-cv-10001-PCP<br><br>**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**<br><br>Re: Dkt. No. 156 |

## BACKGROUND

In December 2021, plaintiff California Crane School, Inc. (CCS) filed this class action lawsuit against defendants Google LLC, Alphabet Inc., XXVI Holdings Inc., Google CEO Sundar Pichai, and former Google CEO Eric Schmidt (collectively, the Google defendants), as well as Apple Inc. and Apple CEO Tim Cook (collectively, the Apple defendants). CCS alleges that Google and Apple unlawfully agreed to divide the online search and search advertising markets in violation of federal and state antitrust laws. In June 2023, the Google defendants moved to compel arbitration, and all defendants moved to dismiss the complaint. Dkt. Nos. 114–115. On March 21, 2024, the Court granted in part Google's motion to compel arbitration (denying the motion only as to CCS's claim for public injunctive relief), granted Google's motion to dismiss that remaining claim, and granted Apple's motion to dismiss all the claims against the Apple defendants. Dkt. No. 154.[1] CCS then moved to set aside that judgment. Dkt. No. 156. For the following reasons, the Court denies CCS's motion to set aside the judgment.

---

[1] The facts and procedural history underlying this litigation can be found in the Court's order granting in part Google's motion to compel arbitration and granting defendants' motions to dismiss. Dkt. No. 154, at 1–3.

**LEGAL STANDARDS**

Under the Federal Rules, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" upon notice of "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). The party moving to set aside judgment bears the "burden to establish a basis for reconsideration under Rule 59(e) or 60(b)." *Yould v. Barnard*, 2018 WL 4300523, at *2 (N.D. Cal. Sept. 10, 2018). Relief is warranted only in "extraordinary or highly unusual circumstances," a "high hurdle[]" for the movant to clear. *Sanai v. Kozinski*, 2021 WL 2383333, at *3 (N.D. Cal. June 10, 2021). The evidence at issue must have been discovered after judgment, and material "in the possession of the party before the judgment was rendered is not newly discovered evidence." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).

**ANALYSIS**

CCS argues that an amendment to the Information Services Amendment (ISA) and a Joint Cooperation Agreement (JCA) between Apple and Google, both "newly discovered" since the Court's March 2024 order, demonstrate an illegal horizontal agreement between Apple and Google. The ISA purportedly gives Google the right of first refusal to supply advertisements on Apple's Siri and Spotlight services. CCS alleges that the agreement thereby restricts Apple search and constitutes an agreement to keep Apple out of the search market in violation of the Sherman Act. Because the agreement also involves payments from Google to Apple, CCS argues that revenue is unlawfully being shared between potential competitors in violation of Section 1 of the Sherman Act. CCS also contends that a section of the ISA providing for annual CEO compliance check-ins between Google and Apple is additional evidence of an illegal agreement.

CCS further argues that the ISA presets Google as the default search engine on Apple devices in violation of Section 2 of the Sherman Act.[2] Finally, CCS contends that the ISA and JCA cure the deficiencies with its state law claims that are premised on the federal law claims. CCS requests the Court to set aside its prior judgment in light of this "new" evidence.

---

[2] In August 2023, the District Court for the District of Columbia denied Google's summary judgment motion on this Section 2 exclusive dealing claim in a lawsuit brought by the federal government and several state attorneys general, noting that genuine issues of material fact warrant a trial. *See United States v. Google LLC,* 20-cv-03010, Dkt. No. 626 (D.D.C. Aug. 4, 2023).

1   Defendants respond that CCS again fails to present evidence of a *horizontal* agreement
2   between Apple and Google because both the ISA and JCA confirm what was already known—that
3   there is a *vertical* agreement involving payments by Google to be the default search engine on
4   Apple's devices. Defendants note that they have acknowledged this vertical relationship from the
5   start of this litigation. In their view, the ISA and JCA still do nothing to show that Apple entered
6   or intended to enter the search or search advertising markets, which is necessary to demonstrate
7   that a horizontal conspiracy existed between Google and Apple.

8   Defendants also counter that the ISA and JCA are not "newly discovered evidence"
9   because these exhibits were posted publicly on the United States Department of Justice's website
10  on November 17, 2023, and CCS was aware of the parallel District of Columbia lawsuit as CCS
11  referenced it throughout this litigation. Dkt. No. 160, at 9. Defendants further argue that evidence
12  of annual check-ins does not establish a conspiracy, as this Court held regarding the photographs
13  of dinner conversations between CEOs Cook and Pichai. Dkt. No. 154, at 12. Finally, defendants
14  reiterate that CCS is not alleging monopolization claims in this case, unlike those in the District of
15  Columbia lawsuit, but rather only conspiracy claims under Sections 1 and 2 of the Sherman Act.

16  The Court agrees with defendants. Material "in the possession of the party before the
17  judgment was rendered is not newly discovered evidence." *Feature Realty, Inc.*, 331 F.3d at 1093.
18  As defendants point out, the evidence from the ISA and JCA introduced by CCS was publicly
19  available as early as November 2023, well before the February 8, 2024 hearing on the present
20  motions. Had CCS exercised due diligence, CCS would have been able to find this evidence
21  because it was posted on the federal government's website. For this reason alone, the Court denies
22  CCS's motion to set aside judgment on the basis of "newly discovered" evidence under Rule 60.

23  Even if the Court were to consider this evidence, however, it would not change the
24  outcome in this case. As defendants note, the Court was already aware of the vertical relationship
25  between Google and Apple based on the revenue-sharing agreement related to Google being the
26  default search engine on Apple's devices. And unlike the ongoing District of Columbia litigation,
27  CCS does not allege direct monopolization claims in the lawsuit, only conspiracy claims. As the
28  Court stated in its prior order, to adequately plead a horiztonal conspiracy, CCS must plausibly

3

1  allege that Apple intended to enter the search or search advertising markets but decided not to do
2  so after forming an unlawful agreement with Google. CCS's "new" evidence from the ISA and
3  JCA does not provide the requisite factual support for such an allegation. Lastly, the claims that
4  CCS has pursued in its complaint are not premised on allegations regarding the provision of paid
5  advertisements on Apple's Siri and Spotlight services.

6  For all of these reasons, CCS has not cleared the "high hurdle" to warrant the requested
7  relief. *Sanai*, 2021 WL 2383333, at *3.

## CONCLUSION

For the foregoing reasons, the Court denies CCS's motion to set aside judgment.

**IT IS SO ORDERED.**

Dated: July 18, 2024

P. Casey Pitts
United States District Judge